UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

IN RE NINE WEST LBO SECURITIES     :       20-MD-2941 (JSR)
LITIGATION                         :
                                   :
Pertains to All Associated Actions :
——————————————————————— x

## JOINT STATUS REPORT OF THE FORMER DIRECTORS AND OFFICERS

Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") and Paul, Weiss,

Rifkind, Wharton & Garrison LLP ("Paul Weiss") respectfully submit this status report on behalf

of Defendants Gerald C. Crotty, Robert L. Mettler, Mary Margaret Hastings Georgiadis, Ann

Marie C. Wilkins, Sidney Kimmel, John D. Demsey, Matthew H. Kamens, James A.

Mitarotonda, Jeffrey D. Nuechterlein, Lowell W. Robinson, Robert & Susan Mettler Family

Trust U/A 3/27/06, Robert L. Mettler, Susan T. Mettler, Trustees and Telendos, LLC[1]

(collectively, the "Former Non-Management Directors") and Defendants Christopher R. Cade,

Dianne Card, Wesley R. Card, Ira M. Dansky, Ira Martin Dansky Revocable Trust, Richard L.

Dickson, Cynthia DiPietrantonio, Tami Fersko, John T. McClain and Joseph T. Donnalley

(collectively, the "Former Officers," and together with the Former Non-Management Directors,

---

[1]  Defendant Robert L. Mettler held shares in The Jones Group, Inc. through the Robert &
Susan Mettler Family Trust, and Defendant Mary Margaret Hastings Georgiadis held shares
in The Jones Group, Inc. through Telendos, LLC. *Kirschner v. McClain, et al.*, Case No.
2:20-cv-01768 (D.N.J.), Dkt. 1 ¶¶ 24, 27.

Sidney Kimmel, John D. Demsey, Matthew H. Kamens, James A. Mitarotonda, Jeffrey D.
Nuechterlein, Lowell W. Robinson and Joseph T. Donnalley were named only in the newly
filed action captioned *Kirschner, et al. v. Kimmel, et al.*, Case No. 20-04287 (S.D.N.Y.),
which has been consolidated for all pre-trial purposes. (Dkt. 9) That action also names
entities affiliated with certain of the Former Non-Management Directors. Representation for
those entities is currently being arranged.

the "Former Directors and Officers") in response to the Court's June 4, 2020 order and in advance of the telephonic conference scheduled for June 12, 2020. Skadden represents the Former Non-Management Directors, and Paul Weiss represents the Former Officers.

## I.    STATUS OF THE ACTIONS.

This litigation arises out of a merger that closed almost six years ago and a bankruptcy proceeding commenced nearly two years ago. In April 2014, Sycamore Partners Management, L.P. ("Sycamore Partners") acquired The Jones Group Inc. ("Jones Group"), a Pennsylvania corporation headquartered in New York, in a merger transaction (the "2014 Transaction").[2] (Compl. ¶¶ 1-2) On April 8, 2014, the 2014 Transaction closed. (*Id.* ¶ 4) The surviving company was renamed Nine West Holdings, Inc. ("NWHI"). (*Id.* ¶ 56(a))

Following the announcement of the 2014 Transaction, between January 13, 2014 and February 20, 2014, six Jones Group stockholders filed suit in the Supreme Court of the State of New York, County of New York against Jones Group, its board of directors (the "Board") and Sycamore Partners, among others, alleging, both directly and derivatively, that the Board breached its fiduciary duties, aided and abetted by Sycamore Partners, in connection with the 2014 Transaction (the "2014 Stockholder Litigation"). (The Jones Group, Inc., Current Report (Form 8-K) at 2 (Mar. 31, 2014)) In response to the lawsuits and three litigation demands made on the Board by Jones Group stockholders, the Board formed a special litigation committee (the "SLC") to review and investigate, with the help of independent legal counsel, the alleged breaches of fiduciary duty. (*Id.*) The SLC reviewed documents, conducted eighteen interviews,

---

[2]    Unless noted otherwise, for convenience, this status report cites to the complaint filed in *Kirschner v. Georgiadis, et al.*, Case No. 1:20-cv-01129 (N.D. Ill.), Dkt. 1 (cited as "Compl."), and each cited allegation is found in each of the other operative complaints.

found no evidence to support a breach of fiduciary duty claim against any member of the Board and rejected the demands.  (*Id.* at 6)

The plaintiffs in the 2014 Stockholder Litigation were provided with the SLC's report and, after discovery relating to the SLC's investigation, including a deposition of the chair of the SLC, the stockholder plaintiffs agreed to "fully, finally and forever" settle the litigation. (*Id.* at 7; *In re The Jones Grp., Inc. S'holders Litig.*, Index No. 650096/2014, Stipulation of Settlement at 7, 16 ¶ 3 (N.Y. Sup. Ct.) (the "Settlement") (attached as Exhibit A))  After notice to all former stockholders, the Supreme Court of the State of New York, County of New York approved the Settlement on February 25, 2015, and the Settlement became final.  (*In re The Jones Grp., Inc. S'holders Litig.*, Index No. 650096/2014, Order and Final Judgment (N.Y. Sup. Ct.) (attached as Exhibit B))  The Settlement released "any and all manner of claims, demands, actions or causes of action . . . whether known or unknown . . . direct [or] derivative which have arisen, could have arisen, arise now or hereafter arise out of, or relate in any manner to the . . . Merger Agreement and the transactions contemplated thereby, including the Merger . . . against any or all of the Released Persons."  (Settlement at 12 ¶ 1(t), 16 ¶ 3)  Released Persons include the Former Directors and Officers.  (*Id.* at 12 ¶ 1(q), 10 ¶ 1(f))  The Settlement extinguished "all Settled Claims" (which included claims arising out of or relating to the 2014 Transaction), and, "consistent with such intentions," Jones Group and its successors waived all their rights with respect to the Settled Claims.  (*Id.* at 17 ¶ 5)

On April 6, 2018 – approximately four years after the 2014 Transaction closed – NWHI filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York.  (Compl. ¶ 142)  NWHI's Plan of Reorganization created a litigation trust, with Plaintiff Marc C. Kirschner as trustee (the "Litigation Trustee"), to prosecute claims on behalf of

NWHI's estate arising from the 2014 Transaction and certain carve-out transactions.  (*In re Nine West LBO Sec. Litig.*, MDL No. 2941 (the "MDL Dkt."), MDL Dkt. 1 at 3)  Its terms also permit an indenture trustee of certain noteholders of NWHI (the "Indenture Trustee" and, together with the Litigation Trustee, "Plaintiffs") to assert fraudulent conveyance claims against those who received consideration in connection with the 2014 Transaction.  (*Id.*)  On March 20, 2019, NWHI emerged from bankruptcy.

Between February 13, 2020 and April 5, 2020, Plaintiffs filed fifteen parallel actions in districts across the country (the "Actions").  Eleven of the Actions name certain of the Former Directors and Officers as defendants — nine name certain of the Former Non-Management Directors, and nine name certain of the Former Officers.[3]  Most of the Actions filed by the Litigation Trustee assert claims for breach of fiduciary duty, aiding and abetting, violation of Pennsylvania Statute Title 15 Sections 1551 and 1553 and unjust enrichment against the Former Directors and Officers.  Those claims are covered by the release in the 2014 Stockholder

---

[3]  The original case captions of the Actions that name the Former Non-Management Directors are as follows: *Kirschner v. Dickson, et al.*, Case No. 2:20-cv-01480 (C.D. Cal.), *Wilmington Savings Fund Society, FSB v. Dickson, et al.*, Case No. 2:20-cv-01484 (C.D. Cal.), *Kirschner v. Georgiadis, et al.*, Case No. 1:20-cv-01129 (N.D. Ill.), *Wilmington Savings Fund Society, FSB v. Georgiadis, et al.*, Case No. 1:20-cv-01136 (N.D. Ill.), *Kirschner v. Card, et al.*, Case No. 1:20-cv-10396 (D. Mass.), *Wilmington Savings Fund Society, FSB v. Card, et al.*, Case No. 1:20-cv-10398 (D. Mass.), *Kirschner v. Card, et al.*, Case No. 1:20-cv-10288 (D. Mass.), *Wilmington Savings Fund Society, FSB v. Card, et al.*, Case No. 1:20-cv-10286 (D. Mass.), *Kirschner v. McClain, et al.*, Case No. 2:20-cv-01768 (D.N.J.).

The original case captions of the Actions that name the Former Officers are as follows: *Kirschner v. Dickson, et al.*, Case No 2:20-cv-01480 (C.D. Cal.), *Wilmington Savings Fund Society, FSB v. Dickson, et al.*, Case No. 2:20-cv-01484 (C.D. Cal.), *Kirschner v. Card, et al.*, Case No. 1:20-cv-10396 (D. Mass.), *Wilmington Savings Fund Society, FSB v. Card, et al.*, Case No. 1:20-cv-10398 (D. Mass.), *Kirschner v. Card et al.*, Case No. 1:20-cv-10288 (D. Mass.), *Wilmington Savings Fund Society, FSB v. Card, et al.*, Case No. 1:20-cv-10286 (D. Mass.), *Kirschner v. McClain, et al.*, Case No. 2:20-cv-01768 (D.N.J.), *Kirschner v. Cade, et al.*, Case No. 0:20-cv-60344 (S.D. Fla.), *Wilmington Savings Fund Society, FSB v. Cade, et al.*, Case No. 0:20-cv-60343 (S.D. Fla.).

Litigation and subject to dismissal.  All of those Actions also seek to avoid and recover, as alleged constructive and intentional fraudulent conveyances, certain payments made to the Former Directors and Officers in their capacities as former stockholders of Jones Group.  These fraudulent conveyance claims are also asserted against approximately 200 former stockholders of Jones Group.

Despite the fact that virtually all of the parties to the 2014 Transaction and their advisors were based in New York, Plaintiffs tactically avoided filing suit in New York.  In order to avoid this forum, Plaintiffs did not name six of the Former Non-Management Directors, one of the Former Officers or any former Jones Group stockholders with alleged connections to New York.

On March 30, 2020, Plaintiffs filed a motion before the United States Judicial Panel on Multidistrict Litigation (the "Panel") seeking to consolidate the Actions that had been filed as of that date and to transfer them for pre-trial purposes to the District of Massachusetts (the "Motion to Transfer").  (MDL Dkt. No. 1)  Plaintiffs admitted to the Panel that they "have not sued entities and individuals in New York to avoid unfavorable Second Circuit precedent regarding the 'safe harbor' in Bankruptcy Code Section 546(e)," *In re Tribune Co. Fraudulent Conveyance Litig.,* 946 F.3d 66 (2d Cir. 2019) ("*Tribune*"). (*See* MDL Dkt. No. 196 (the "Transfer Order") at 1)

On June 2, 2020, the Panel issued an order transferring the Actions that were the subject of the Motion to Transfer to this Court for coordinated or consolidated pre-trial proceedings because "[t]his litigation's center of gravity is in the Southern District of New York."  (*See* Transfer Order at 2)  "[T]here has been no significant activity in any action."  (*Id.*)

Having failed in their attempt to avoid this Court and the *Tribune* decision, three days after the Panel's decision, on June 5, 2020, the Litigation Trustee filed publicly two duplicative complaints in this Court naming over 100 new defendants (all those alleged New York-based defendants he had avoided as part of his forum shopping strategy). *See Kirschner, et al. v. Kimmel, et al.*, Case No. 1:20-cv-04287 (S.D.N.Y.), *Kirschner v. AQR Funds*, Case No. 1:20-cv-04289 (S.D.N.Y.). On June 10, 2020, this Court entered an order consolidating these actions with the Actions under MDL docket 20-MD-2941. (Dkt. 9) On June 9, 2020, counsel to the Former Directors and Officers engaged in a telephonic conference with counsel to Plaintiffs and certain of the Stockholder Defendants, during which the parties discussed scheduling and case management issues. Thereafter, Plaintiffs circulated a draft Case Management Order (the "CMO"). The Former Directors and Officers are generally in agreement with the various administrative issues raised in the draft CMO, except as to forthcoming motions to dismiss.

## II. PROPOSED MATTERS FOR CONSIDERATION AT THE JUNE 12, 2020 CONFERENCE.

### A. Schedule For The Motions To Dismiss.

The claims against the Former Directors and Officers are subject to dismissal on the pleadings because those claims, among other things: (i) are now time-barred; (ii) were investigated, settled, released and waived in connection with the 2014 Stockholder Litigation and SLC process; (iii) are barred by the "safe harbor" provision of Bankruptcy Code Section 546(e), as explained in *Tribune*; or (iv) otherwise fail to state a claim. The Former Directors and Officers believe that their forthcoming motion to dismiss will dispose of all the claims against them.

Accordingly, we propose the briefing schedule set forth in the draft CMO at Paragraph 9(b), which contemplates motion to dismiss briefing to commence on July 31, 2020, with certain exceptions for late-served defendants.

We believe that this schedule is appropriate, given: (i) the complexity and need for coordination created by the large number of defendants named in this litigation; (ii) the fact that many of the newly named defendants remain in the process of retaining counsel; (iii) the patchwork of stay-at-home orders across the country under which counsel presently operate; and (iv) the nature of the Actions, which do not seek injunctive relief or otherwise require expedited treatment, and are subject to dismissal on the pleadings. Given the nature of the forthcoming motion to dismiss which is based on, among other things, a Court-ordered release of claims binding on Plaintiffs and the result of the SLC process under Pennsylvania law, we believe a stay of discovery is appropriate pending resolution of that forthcoming motion.

**B.      Liaison Counsel.**

We have conferred with Plaintiffs as to suggested arrangements for coordination of counsel and liaison with the Court. We support their proposal that counsel for the defendants confer and no later than June 22, 2020 report to the Court as to whether they are able to designate one or more liaison counsel for the defendants to coordinate joint briefing and presentations to the Court on common issues. Pending the defendants' report, Ropes & Gray LLP, Skadden and Paul Weiss shall serve as interim liaison counsel for the Stockholder Defendants, Former Non-Management Director Defendants and Former Officer Defendants respectively.

As described in Paragraph 9(b) of the draft CMO, we intend to coordinate briefing with the stockholder defendants on common issues in order to reduce the burden on the parties and the Court.

DATED:  New York, New York
         June 10, 2020

Respectfully submitted,

<u>/s/ Scott D. Musoff</u>
Scott D. Musoff (scott.musoff@skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York  10001
Tel.: (212) 735-3000
Fax: (212) 735-2000

Robert S. Saunders, *pro hac vice* forthcoming
(rob.saunders@skadden.com)
Cliff C. Gardner, *pro hac vice* forthcoming
(cliff.gardner@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
Tel.: (302) 651-3000
Fax: (302) 651-3000

*Attorneys for Defendants Gerald C. Crotty, Robert L. Mettler, Mary Margaret Hastings Georgiadis, Ann Marie C. Wilkins, Sidney Kimmel, John D. Demsey, Matthew H. Kamens, James A. Mitarotonda, Jeffrey D. Nuechterlein, Lowell W. Robinson, Robert & Susan Mettler Family Trust U/A 3/27/06, Robert L. Mettler, Susan T. Mettler, Trustees and Telendos, LLC*

<u>/s/ Andrew S. Gordon</u> (with consent)
Andrew S. Gordon (agordon@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Tel.: (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Defendants Christopher R. Cade, Dianne Card, Wesley R. Card, Ira M. Dansky, Ira Martin Dansky Revocable Trust, Richard L. Dickson, Cynthia DiPietrantonio, Tami Fersko John T. McClain and Joseph T. Donnalley*