# EXHIBIT B

Case 1.20-md-02941-JSR    Document 9-2    Filed 06/10/20    Page 2 of 12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| | X |
| IN RE THE JONES GROUP INC. | : |
| SHAREHOLDERS LITIGATION | : |
| | : |
| | : |
| This Document Relates To: | : |
| | : |
| ALL ACTIONS. | : |
| | : |
| | X |

Index No. 650096/2014
(Bransten, J., Part 3)

ORDER AND FINAL JUDGMENT

FILED

FEB 27 2015

COUNTY CLERK'S OFFICE
NEW YORK

In re The Jones Group

Index No. 650096/2014
Page 2

*\[\[\[handwritten margin notes: JMD / KAB / RAL\]\]\]*

A hearing having been held before this Court on the 18th day of February, 2015, pursuant to the Court's Scheduling Order on Approval of Class Action Settlement and Class Certification entered on November 24th, 2014 (the "Scheduling Order"), to determine whether the terms and conditions of the Stipulation of Settlement, dated August 6 2014 (the "Stipulation"),[1] which is annexed as Exhibit 1 hereto and incorporated herein by reference, and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable and adequate for the settlement of all claims asserted herein; and whether an order and final judgment should be entered in the above-captioned consolidated class action (the "Action"); and the Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this 25 day of February 2015, THAT:

1.    The mailing of the Notice of Pendency of Class Action, Proposed Settlement of Class Action and Settlement Hearing (the "Notice") has been made pursuant to and in the manner prescribed in the Scheduling Order. Proof of the mailing of the notice was filed with the Court and a full opportunity to be heard has been offered to all parties, the Class and persons of interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Article 9 of the New York Civil Practice Law and Rules, due process, and applicable law. It is further determined that all members of the Class are bound by this Order and Final Judgment; *provided, however,* that members of the Class who have validly and timely

---

[1] Capitalized terms that are not defined herein shall have the meanings set forth in the Stipulation.

In re The Jones Group

Index No. 650596/2014

Page 3

requested exclusion with respect to their direct individual claims for monetary damages arising out of the Merger are not bound with respect to direct individual claims for monetary damages.

2. Pursuant to Article 9 of the Civil Practice Law and Rules:

(a) The Court finds that based on the record in this action (i) the Class (as defined herein) is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class which predominate over any questions affecting only individual members, (iii) the claims of the representative parties are typical of the claims of the Class, (iv) the representative parties and their counsel have fairly and adequately protected the interests of the Class, and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy;

(b) For Settlement purposes only, the Action is hereby certified as a class action on behalf of a class consisting of any and all persons or entities who held shares of The Jones Group Inc. ("JNY") common stock, either of record or beneficially, at any time between December 19, 2013, and April 8, 2014, the date of consummation of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and excluding Defendants, members of the immediate family of any Individual Defendant, any entity in which a Defendant has or had a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded person (the "Class");

(c) James R. Smith and Joseph Iannuzzo are hereby certified as class representatives and their counsel Milberg LLP and Robbins Geller Rudman & Dowd LLP are certified as Co-Lead Counsel;

3

In re The Jones Group

Index No. 650096/2014

Page 4

(d)    Direct individual claims for monetary damages arising out of the Merger by Class Members who have filed valid and timely Requests for Exclusion from the Settlement (the "Excluded Claims") shall not be released by this Order and Final Judgment. Excluded Claims may only be direct individual claims for monetary damages arising out of the Merger and no claim other than a direct individual claim for monetary damages arising out of the Merger shall be excluded from any part of the Settlement. A list of the names of those Class Members who have filed valid and timely requests for exclusion to pursue direct individual claims for monetary damages arising out of the Merger is attached as Exhibit 2 hereto. Class Members who have filed Requests for Exclusion are included in the Settlement Class and are bound by this Order and Final Judgment in all respects except insofar as necessary to preserve the Excluded Claims; and

(e)    The Court finds that the requirements of Article 9 have been satisfied.

3.    The Settlement of this Action as provided for in the Stipulation is approved as fair, reasonable and adequate, and in the best interests of Plaintiffs and the Class.

4.    The parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment. All objections have been considered by the Court, are found to be without merit, and are hereby overruled.

5.    This Action and the Settled Claims are hereby dismissed with prejudice, on the merits and without costs.

6.    In addition to the terms defined above, the following terms shall have the following meanings:

4

In re The Jones Group                    Index No. 650096/2014
                                                    Page 5

(a)    "Defendants' Released Claims" means all claims (including Unknown Claims (defined below)) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Settled Claims (defined below), except claims to enforce the terms of the Settlement.

(b)    "Released Persons" means Defendants (or any Defendant), Sycamore Partners A, L.P., and Sycamore Partners, as well as each of their respective families, parent entities, controlling persons, associates, affiliates, predecessors, successors, or subsidiaries, and each and all of their respective past or present officers, directors, stockholders, members, principals, managers, representatives, employees, attorneys, insurers, financial or investment advisors, consultants, accountants, investment bankers (including any entity providing a fairness opinion relating to the Merger), agents, general or limited partners or partnerships, limited liability companies, heirs, executors, trustees, personal or legal representatives, estates, administrators, predecessors, successors and assigns, whether or not any such Released Persons were named, served with process, or appeared in the Action.

(c)    "Releasing Persons" means Plaintiffs and all members of the Class.

(d)    "Settled Claims" means any and all manner of claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, accrued or unaccrued, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in the Action or in any court, tribunal, or proceeding (including, but not limited to, any claims arising under federal, state or foreign statutory or common law relating to alleged fraud, breach of any duty, negligence, violations of the federal

5

In re The Jones Group

Index No. 650096/2014

Page 6

securities laws or state disclosure laws or otherwise), by or on behalf of Plaintiffs or any member of the Class, whether individual, direct, class, derivative, representative, legal, equitable, or of any other type, in their capacity as shareholders during any time between December 19, 2013, and April 8, 2014, against any or all of the Released Persons, whether or not any such Released Persons were named, served with process, or appeared in the Action, which have arisen, could have arisen, arise now or hereafter arise out of, or relate in any manner to the allegations, facts, events, acquisitions, matters, acts, occurrences, statements, representations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related, directly or indirectly, in any way to (i) the matters alleged or that could have been alleged in any pleadings or briefs filed in the Action; (ii) the Merger Agreement and the transactions contemplated thereby, including the Merger; (iii) the Preliminary Proxy, the Definitive Proxy and any amendments, supplements, or modifications to any of the foregoing, and any other public disclosures made in connection with or regarding the Merger; (iv) the fiduciary obligations (including any disclosure obligations) of any of the Defendants or Released Persons in connection with the Merger Agreement, the Merger, the Preliminary Proxy, the Definitive Proxy or any amendments, supplements, or modifications to any of the foregoing, and any other public disclosures made in connection with or regarding the Merger; (v) the negotiations in connection with the Merger Agreement and Merger; (vi) any and all conduct by any of the Defendants or any of the other Released Persons arising out of or relating in any way to the negotiation or execution of the MOU and this Stipulation; (vii) any and all claims under the federal securities laws related to the Preliminary Proxy and Definitive Proxy and any amendments, supplements, or modifications to any of the foregoing, and any other public disclosures, statements, or filings filed in connection with the Merger, the Merger Agreement, or

6

In re The Jones Group

Index No. 650096/2014

Page 7

any of the transactions contemplated thereby, including the Merger; and (viii) the fees, expenses or costs incurred in prosecuting, defending, or settling the Action, other than as provided in the Settlement.

(e) "Unknown Claims" means any claim that a Releasing Person does not know or suspect exists in his, her or its favor at the time of the release of the Settled Claims as against the Released Persons, including without limitation those which, if known, might have affected the decision to enter into the Settlement, and any claim that a Released Person does not know or suspect exists in his, her or its favor at the time of the release of the Defendants' Released Claims as against the Releasing Persons, including without limitation, those which, if known, might have affected the decision to enter into the Settlement. This shall include a waiver by the Releasing Persons and Released Persons of any rights pursuant to § 1542 of the California Civil Code (or any similar, comparable or equivalent provision) which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Persons acknowledge that members of the Class and/or other JNY stockholders may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Class, to fully, finally and forever settle and release any and all claims released hereby known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Plaintiffs and the other undersigned parties acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Settled Claims was separately bargained for,

7

In re The Jones Group

Index No. 650096/2014
Page 8

constitutes separate consideration for, and was a key element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation.

7.    Upon the Effective Date of the Settlement, the Releasing Persons shall be deemed to, and by operation of this Order and Final Judgment shall (i) fully, finally and forever release, relinquish, discharge, and dismiss with prejudice, on the merits and without costs, the Action and each and all of the Settled Claims, and (ii) forever be enjoined and barred from suing any of the Released Persons for any Settled Claims and from commencing, prosecuting or participating in the commencement or prosecution of any Settled Claims in any other action, suit, or proceeding; *provided, however,* that the Settled Claims shall not include the right of the Plaintiffs and the other Releasing Persons to enforce the terms of the Settlement and that this paragraph shall not apply to Excluded Claims.

8.    Upon the Effective Date of the Settlement, the Released Persons shall be deemed to, and by operation of this Order and Final Judgment shall fully, finally and forever release, relinquish and discharge each and all of the named Plaintiffs, their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, heirs, assigns of each, each and all of the Releasing Persons, and Plaintiffs' Counsel from all claims of every nature and description, known and unknown, relating to the initiation, prosecution, non-prosecution, and/or resolution of the Action including from the Defendants' Released Claims; *provided, however,* the Defendants' Released Claims shall not include the right of the Defendants and the other Released Persons to enforce the terms of the Settlement.

8

In re The Jones Group                                    Index No. 650096/2014

Page 9

9.      Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the sum of $350,000.00 in connection with the Action, which sum the Court finds to be fair and reasonable. Such sum shall be paid to Plaintiffs' Co-Lead Counsel pursuant to the provisions of the Stipulation.

10.     Neither this Order and Final Judgment, nor the Scheduling Order, nor the Stipulation or any provision contained in the Stipulation, nor the MOU or any provision of the MOU, nor any action undertaken pursuant thereto, nor the negotiation thereof shall be deemed a presumption, concession or an admission by any Defendant of any fault, liability or wrongdoing as to any allegations or claims asserted in the Action or any other actions or proceedings, or that any of the Supplemental Disclosures are material, nor shall such provisions be deemed a presumption, concession or admission by any Plaintiff of the lack of merit as to any allegations or claims asserted in the Action. The provisions contained in this Order and Final Judgment, the Scheduling Order, the Stipulation and the MOU shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, except in connection with any proceeding to enforce the terms of the Settlement.

11.     If the Effective Date does not occur, or if the Stipulation is disapproved, canceled or terminated pursuant to its terms, this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by, and in accordance with, the Stipulation.

12.     The binding effect of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the

9

In re The Jones Group

Index No. 650096/2014

Page 10

resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

13.     Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

Dated: New York, New York
        February 25, 2015

_____
                            J.S.C.

**EILEEN BRANSTEN**
**J.S.C.**

Milton A. Tingling
_____
                    Clerk

FILED

FEB 27 2015

COUNTY CLERK'S OFFICE
        NEW YORK

10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK COMMERCIAL DIVISION

IN RE THE JONES GROUP INC.
SHAREHOLDERS LITIGATION,

This Document Relates To:

ALL ACTIONS

ORDER AND FINAL JUDGMENT

MILBERG LLP

*Attorneys for* Plaintiffs

*Office and Post Office Address, Telephone*

One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

To

Attorney(s) for

Service of a copy of the within

is hereby admitted.

Dated,

........................................................................

Attorney(s) for

SPECIAL BlumbergExcelsior Inc., NYC 10013