# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ) | |
| ) | No. 20-MD-2941 (JSR) |
| IN RE: NINE WEST LBO SECURITIES LITIGATION ) | |
| ) | **[PROPOSED]** |
| Pertains to All Associated Actions ) | **CASE MANAGEMENT** |
| ) | **ORDER NO. 1** |
| ) | |

An initial conference having been held on June 12, 2020 in the consolidated actions comprising MDL No. 2941, it is ORDERED as follows:

1.      The following additional cases are consolidated for all pre-trial purposes before the undersigned:  *Kirschner, et al. v. Advisors Series Trust (Kellner Merger Fund)*, No. 20-cv-___ (JSR) (S.D.N.Y.); *Kirschner v. Voya Russell Small Cap Index Portfolio*, No. 20-cv-___ (JSR) (S.D.N.Y.); *Kirschner, et al. v. Robeco Capital Growth Funds – Robeco BP US Premium Equities* (S.D.N.Y. docket to be created) (transferred from C.A. No. 20-03168 (C.D. Cal.)); and *Kirschner, et al. v. Schwab Capital Trust* (S.D.N.Y. docket to be created) (transferred from C.A. No. 20-03169 (C.D. Cal.)).

2.      Plaintiffs' unopposed pending motions to dismiss *Kirschner v. Card, et al.*, No.  20-cv-4360 (JSR) (S.D.N.Y.), and *Wilmington Savings Fund Society, FSB v. Card, et al.*, No. 20-cv-4404 (JSR) (S.D.N.Y.), without prejudice as duplicative of actions earlier commenced by the same plaintiffs against the same defendants and others, are granted. Pursuant to Federal Rule of Civil Procedure 41(a)(2), Case Nos. 20-cv-4360 and 20-cv-4404 are dismissed without prejudice.  This dismissal shall have no effect on the previously-commenced actions, *Kirschner v. Card, et al.*, No. 20-cv-4346 (JSR) (S.D.N.Y.), and *Wilmington Savings Fund Society, FSB v. Card, et al.*, No. 20-cv-4335 (JSR) (S.D.N.Y.).

3.      Inasmuch as the issues that had previously existed concerning the confidentiality of the identity or addresses of certain defendants or of certain transfer amounts has been resolved by agreement of the parties that designated the material as confidential or the defendants involved, or by the United States Bankruptcy Court for the Southern District of New York, the Clerk is directed to unseal all documents on the dockets of the actions filed prior to June 5, 2020 and to replace any remaining pseudonyms with the corresponding names of the defendants contained in the captions of the complaints.  Plaintiffs' counsel shall cooperate with the Clerk's office in carrying out this process.

4.      The stay entered by this Court on June 4, 2020 in these cases is lifted to the extent of not prohibiting Plaintiffs from amending or voluntarily dismissing any of the complaints in the actions, dismissing any party from any of the actions, or substituting a party in any of the actions, or prohibiting any party from raising with the Court whether the material in the *Advisors Series Trust* or *Voya* complaints shall be maintained under seal or subject to redaction. Otherwise, the stay, including with respect to initial disclosures or discovery, shall remain in effect, subject to the provisions in the following paragraphs.

5.      The time for the defendants to answer, move, or otherwise respond to the complaints in the actions is extended to the later of 21 days after service of the complaint on that defendant or July 31, 2020.  In light of current circumstances that may impair access to regular mail, Plaintiffs shall notify by e-mail of any such service conducted by mail (i) outside counsel for any defendant that to Plaintiffs' knowledge appeared in any of the actions in MDL No. 2941 for any known affiliate of the newly-served defendant or appeared in the bankruptcy case captioned *In re Nine West Holdings, Inc., et al.*, No. 18-10947-SCC (Bankr. S.D.N.Y.) on behalf of the newly-served defendant or any of its known affiliates, or (ii) outside or in-house

counsel Plaintiffs are otherwise aware of as having represented the newly-served defendant or any of its known affiliates in connection with any of the actions in MDL No. 2941 or the bankruptcy, including with respect to any discovery in the bankruptcy case.

6.     In accord with Rule 2.1(c) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, all counsel who appeared in any of the actions prior to their transfer to this district need not enter a notice of appearance or submit a *pro hac vice* application to practice before this Court, and need not obtain local counsel.  All counsel who did not appear in an action prior to its transfer, and all counsel in actions filed originally in this Court, must enter a notice of appearance in that action and in No. 20-MD-2941 and, if necessary, apply for admission *pro hac vice*.  Counsel for defendants in all actions that were filed before June 5, 2020 who have not yet filed appearances shall enter appearances in this Court, and if necessary apply for admission *pro hac vice*, no later than June 30, 2020.  Any individual defendant who wishes to appear *pro se* shall provide the Clerk with an email address that may be used for service.  Except for the summons and complaint in which a defendant initially is named, Plaintiffs shall not be required to serve—other than by electronic means via the ECF system or, with respect to defendants who appear *pro se*, via email—any docket entry upon any defendant whose counsel does not file a notice of appearance in accordance with this paragraph; provided that Plaintiffs shall be required to serve by postal mail any defendant who is both appearing *pro se* and certifies that he or she does not have access to email.

7.     Service of a redacted pleading on a party shall be effective so long as the pleading is accompanied by a supplement that discloses any redacted information relating to that party.

8.     Counsel for the defendants shall confer and no later than June 22, 2020 shall report to the Court as to whether they are able to designate one or more liaison counsel for the

defendants to coordinate joint briefing and presentations to the Court on common issues. Pending the defendants' report, Ropes & Gray LLP shall serve as interim liaison counsel for the former Jones Group shareholder defendants, and Skadden, Arps, Slate, Meagher & Flom LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP shall serve as interim liaison counsel for the former Jones Group director and officer defendants. The appointment of liaison counsel shall not impose any professional, fiduciary, or ethical duty or create any attorney-client relationship between such counsel and any persons other than their own clients.

9.    *Scope of Motions to Dismiss.*

a.    *Plaintiffs' Proposal:*  The first phase of motions to dismiss shall be limited to any motions by former Jones Group directors and officers directed to the claims against them for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, violation of Title 15, Sections 1551 and 1553 of the Pennsylvania Statutes, and unjust enrichment.

i.    Defendants shall file such motions to dismiss, with coordinated briefing to the extent practicable, by July 31, 2020. Any defendant with a response deadline after such date due to delays in service may file a joinder, or separate brief, on or before that defendant's response deadline.

ii.    Plaintiffs shall file oppositions, with consolidated briefing to the extent practicable, no later than September 30, 2020. With respect to any separate briefs filed by defendants after July 31, 2020 as set forth above, Plaintiffs shall file oppositions by the later of September 30, 2020 or 15 days after the filing of such separate briefs, which later oppositions shall only address arguments addressed in the separate briefs.

4

iii.        Defendants shall file replies, with coordinated briefing to the extent practicable, no later than 30 days after the filing of the oppositions, and, with respect to any oppositions filed after plaintiffs' initial oppositions, within 15 days of such oppositions.

b.        *Defendants' Proposal:*  The first phase of motions to dismiss shall be based on the safe harbor under 11 U.S.C. § 546(e), as well as any motions by former Jones Group directors and officers directed to the claims against them for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, violation of Title 15, Sections 1551 and 1553 of the Pennsylvania Statutes, and unjust enrichment, with briefs to be filed pursuant to the following schedule:

i.        Defendants shall file such motions to dismiss with coordinated briefing to the extent practicable, by July 31, 2020.  Any defendant with a response deadline after such date due to delays in service may file a joinder, or separate brief, on or before that defendant's response deadline.

ii.        Plaintiffs shall file a single, consolidated opposition no later than 45 days after the filing of motions to dismiss and, with respect to any separate briefs filed by defendants after July 31 as set forth above, within 15 days after the filing of such separate briefs, which later oppositions shall only address arguments not previously addressed in Plaintiffs' earlier-filed consolidated opposition.

iii.        Defendants shall file replies, with coordinated briefing to the extent practicable, no later than 30 days after the filing of the consolidated

5

opposition and, with respect to any oppositions filed after plaintiffs' consolidated opposition, within 15 days of such oppositions.

10.    *Reservation of Other Motions; Discovery Stay.*

a.    *Plaintiffs' Proposal:*  The Court will defer consideration of scheduling of motions to dismiss based on 11 U.S.C. § 546(e), or any discovery relating thereto, until after July 6, 2020, the time for any petition for certiorari to be filed in *In re Tribune Co. Fraudulent Conveyance Litigation*, 946 F.3d 66 (2d Cir. 2019), and if such a petition is filed, until such time as the Supreme Court acts on that petition.[1]  The Court will likewise defer consideration of scheduling of other motions to dismiss that defendants may wish to make.  Other than as stated herein, no answers, motions to dismiss, motions for judgment on the pleadings, or motions for summary judgment shall be filed until further order of the Court.

b.    *Defendants' Proposal:*  The Court will defer consideration of scheduling of motions to dismiss based on any arguments or defenses other than 11 U.S.C. § 546(e) as to fraudulent conveyance claims, all of which arguments and defenses are expressly reserved, until the Court decides motions to dismiss based on 11 U.S.C. § 546(e).  All discovery shall be stayed pending resolution of the motions to dismiss contemplated by Paragraph 9(b) above.  Other than as stated herein, no answers, motions to dismiss, motions for judgment on the pleadings, or motions for summary judgment shall be filed until further order of the Court.

---

[1] In the event the Court does not defer consideration of scheduling of motions to dismiss based on 11 U.S.C. § 546(e), Plaintiffs propose that the Court authorize a 90-day period of discovery on matters relating to 11 U.S.C. § 546(e) before briefing begins on motions to dismiss based on 11 U.S.C. § 546(e).

Dated:  New York, NY
       June __, 2020

 

_____

              JED S. RAKOFF, U.S.D.J.

7