UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                     :
IN RE: NINE WEST LBO SECURITIES      :          20-MD-2941 (JSR)
LITIGATION                           :
                                     :
Pertains to All Associated Actions   :              ORDER
                                     :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

Upon further consideration of the issues discussed during the telephonic conference held earlier today at 2:00 p.m., see Transcript dated June 12, 2020, the Court sets the following schedule for certain pretrial proceedings in these consolidated actions, and resolves various housekeeping matters in the following manner.

1. By Orders dated June 4, 2020 and June 9, 2020, the Court consolidated 15 cases under the MDL docket 20-MD-2941 for all pre-trial purposes. See 20-MD-2941, ECF Nos. 2, 3. The following four additional related actions are hereby consolidated with all 15 other actions under the MDL docket 20-MD-2941 for all pre-trial purposes: Kirschner, et al. v. Robeco Capital Growth Funds - Robeco BP US Premium Equities, No. 20-cv-4479, Kirschner, et al. v. Schwab Capital Trust, No. 20-cv-4480, Kirschner v. Advisors Series Trust (Kellner Merger Fund), et al., No. 20-cv-4433, and Kirschner v. Voya Russell Small Cap Index Portfolio, et al., No. 20-cv-4434.

-1-

2. The Court hereby adopts the following (partial) Case Management Plan.[1]

(a) Briefs on any anticipated motions to dismiss must be filed on the following bifurcated schedule:

- (First Round) For any motion to dismiss relating to § 546(e) of the Bankruptcy Code, briefs must be filed on the following schedule: (a) moving papers due June 29, 2020; (b) answering papers due July 27, 2020; and (c) reply papers due August 3, 2020. Oral argument on these motions shall be held on August 13, 2020, at 10:00 a.m. The Court will issue its decision on these motions in writing by no later than August 27, 2020.

- (Second Round) As to any action not dismissed after the First Round, any motion to dismiss on any other ground must be briefed on the following schedule: (a) moving papers due September 7, 2020; (b) answering papers due October 5, 2020; and (c) reply papers due October 12, 2020. Oral argument on the Second Round of motions will be held on October 21, 2020 at 2:00 p.m. The Court will issue its decision on these motions in writing by no later than November 4, 2020.

---

[1]    This plan is also a scheduling order pursuant to Fed. R. Civ. P. 16 and 26(f).

(b) After plaintiffs' counsel serves those defendants who have not yet been served (which, based on plaintiffs' counsel's representation, the Court expects to be completed by no later than June 19, 2020), plaintiffs' counsel should promptly advise counsel for those defendants that the instant Order and schedule will apply to those defendants as well. If any of these defendants has any objection to that determination, their counsel, along with plaintiffs' counsel, must convene a joint telephonic conference with Chambers pursuant to Rules 1 and 2 of the Court's Individual Rules of Practice by no later than June 26, 2020.

(c) These consolidated actions are not stayed after today, and any and all stays entered by district judges in the actions transferred from other districts are hereby lifted. Document discovery and interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York may commence whenever the parties wish, provided that all such document and interrogatory discovery must be completed by November 4, 2020. In its order of November 4 (see above), the Court will set a schedule for deposition discovery and any summary judgment motion practice.

3. To the extent that the parties anticipate seeking confidential treatment for any discovery in this case, they must jointly submit a proposed protective order, substantially in

compliance with Judge Rakoff's model protective order, by no later than June 22, 2020. To the extent that there are any conflicts between the confidentiality order to be entered into by the Court on or about June 22, 2020 and the confidentiality order, as amended, entered into by the Bankruptcy Court for the Southern District of New York in In re: Nine West Holdings, Inc., No. 18-10947 (SCC), ECF Nos. 972, 1471, and 1544 (Bankr. S.D.N.Y.), this Court's order will supersede the Bankruptcy Court's order. (If any party deems it necessary and so advises the Court, the Court will withdraw the reference in the aforesaid bankruptcy for the limited purpose of modifying that court's protective order.)

4. Two recently filed actions -- Kirschner v. Advisors Series Trust (Kellner Merger Fund), et al., No. 20-cv-4433, and Kirschner v. Voya Russell Small Cap Index Portfolio, et al., No. 20-cv-4434 -- were filed under seal at the request of plaintiffs' counsel. Plaintiffs' counsel has now advised the Court that 20-cv-4434 no longer needs to be kept under seal. Accordingly, the Clerk of the Court is hereby directed to unseal that action forthwith. As to the other action, the relevant parties are hereby directed to promptly consult with one another to see if this sealing should be lifted. In any event, the Court's present intention, unless convinced otherwise, is to unseal this remaining action on or shortly after June 22, 2020.

-4-

5. Inasmuch as it has been represented to the Court that the parties have now resolved the issues that had previously existed concerning the confidentiality of some documents (other than the 20-cv-4433 action referred to in #4) previously filed with the Court under seal, the Clerk of the Court is directed to unseal all such documents and to replace any remaining pseudonyms with the corresponding names of the defendants contained in the captions of the complaints. Plaintiffs' counsel shall cooperate with the Clerk's Office in carrying out this process as promptly as possible.

6. In accord with Rule 2.1(c) of the Procedure of the United States Judicial Panel on Multidistrict Litigation, all counsel who appeared in any of the actions prior to their transfer to this district may continue to represent his or her client and such client need not obtain local counsel. In addition, such counsel need not enter a notice of appearance, provided that they have entered one prior to the transfer, and need not apply for admission pro hac vice.

7. All counsel who had not appeared in an action prior to its transfer, and all counsel in actions filed originally in this district, must enter a notice of appearance in that action and in 20-MD-2941 and, if necessary, apply for admission pro hac vice.

-5-

8. Any individual defendant who wishes to appear pro se shall provide the Clerk with an email address that may be used for service. Except for the summons and complaint in which a defendant initially is named, plaintiffs shall not be required to serve —- other than by electronic means via the ECF system or, with respect to defendants who appear pro se, via email -- any docket entry upon any defendant whose counsel does not file a notice of appearance in accordance with this paragraph; provided that plaintiffs shall be required to serve by postal mail any defendant who is both appearing pro se and certifies that he or she does not have access to email.

9. Counsel for defendants shall confer and, no later than June 22, 2020, shall report to the Court as to whether they are able to designate one or more liaison counsel for defendants to coordinate joint briefing and presentations to the Court on common issues. Pending such report, Ropes & Gray LLP, Skadden, Arps, Slate, Meagher & Flom LLP, and Paul, Weiss, Rifkind, Wharton & Garrison LLP shall serve as interim liaison counsel for, respectively, the former Jones Group shareholder defendants, the former Jones Group director defendants, and the former Jones Group officer defendants. The appointment of liaison counsel shall not impose any professional, fiduciary, or ethical duty or create any attorney-client relationship between such counsel and any persons other than their own clients.

10. Plaintiffs' unopposed pending motions to dismiss without prejudice Kirschner v. Card, et al., No. 20-cv-4360, and Wilmington Savings Fund Society, FSB v. Card, et al., No. 20-cv-4404, as duplicative of actions earlier commenced by the same plaintiffs against the same defendants and others, are hereby granted.[2]

SO ORDERED.

Dated:    New York, NY

      June 12, 2020

JED S. RAKOFF, U.S.D.J.

---

[2]    This dismissal shall have no effect on the previously-commenced actions, Kirschner v. Card, et al., No. 20-cv-4346 and Wilmington Savings Fund Society, FSB v. Card, et al., No. 20-cv-4335.