# EXHIBIT T(a)

Case 1:20-md-02941-JSR   Document 92-23   Filed 06/29/20   Page 2 of 5

N-CSRS 1 a15-15425_3ncsrs.htm JACKSON VARIABLE SERIES TRUST FORM N-CSR

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## FORM N-CSR

**CERTIFIED SHAREHOLDER REPORT OF REGISTERED
MANAGEMENT INVESTMENT COMPANIES**

Investment Company Act file number      811-22613

Jackson Variable Series Trust

(Exact name of registrant as specified in charter)

1 Corporate Way, Lansing, Michigan      48951

(Address of principal executive offices)      (Zip code)

Mark D. Nerud
Jackson National Asset Management, LLC
225 West Wacker Drive, Suite 1200
Chicago, Illinois 60606

(Name and address of agent for service)

Registrant's telephone number, including area code:      (312) 338-5800

Date of fiscal year end:      December 31

Date of reporting period:      January 1, 2015 – June 30, 2015

Form N-CSR is to be used by management investment companies to file reports with the Commission not later than 10 days after the transmission to stockholders of any report that is required to be transmitted to stockholders under Rule 30e-1 under the Investment Company Act of 1940 (17 CFR 270.30e-1). The Commission may use the information provided on Form N-CSR in its regulatory, disclosure review, inspection, and policymaking roles.

A registrant is required to disclose the information specified by Form N-CSR, and the Commission will make this information public. A registrant is not required to respond to the collection of information contained in Form N-CSR unless the Form displays a currently valid Office of Management and Budget ("OMB") control number. Please direct comments concerning the accuracy of the information collection burden estimate and any suggestions for reducing the burden to Secretary, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0609. The OMB has reviewed this collection of information under the clearance requirements of 44 U.S.C. §3507.

**Item 1. Report to Shareholders.**

**ACCESS. STORAGE. SECURITY.**

CHOOSE THE INBOX.
NOT THE MAILBOX.
Less waste. More convenience. Your choice.

**Three easy ways to go paperless:**

**1.** Mail this postage-paid card      **2.** Call 1-866-349-4564      **3.** Visit jackson.com

**I consent to receive by electronic delivery:**

☐ **ALL DOCUMENTS**      ☐ Periodic and immediate confirmations      ☐ Prospectuses and prospectus supplements
     ☐ Annual and semi-annual reports      ☐ Other contract-related correspondence

This consent will continue unless and until revoked and will cover delivery to you in the form of an e-mail or by notice to you of a document's availability on Jackson National Life Insurance Company®'s (also referred to as Jackson®) Web site. You may revoke your consent to electronic delivery at any time with respect to any or all of the documents. Paper delivery of such documents will commence after receipt of your revocation of consent to electronic delivery. Please contact the appropriate Jackson Service Center or go to www.jackson.com to update your e-mail address, revoke your consent to electronic delivery, or request paper copies. Certain types of correspondence may continue to be delivered by the United States Postal Service for compliance reasons. Registration on Jackson's Web site (www.jackson.com) is required for electronic delivery of contract-related correspondence.

\*   Commenced operations on February 6, 2012.
†   Commenced operations on September 10, 2012.
‡   Commenced operations on April 29, 2013.
^   Commenced operations on September 16, 2013.
¥   Commenced operations on April 28, 2014.
(a)   Annualized for periods less than one year.
(b)   Per share data calculated using average shares method.
(c)   Total return assumes reinvestment of all distributions for the period. Total return is not annualized for periods less than one year and does not reflect payment of the expenses that apply to the variable accounts or any annuity charges.
(d)   Portfolio turnover is not annualized for periods of less than one year. Fixed Income securities with maturities greater than one year that are purchased for short term investment are excluded from the portfolio turnover calculation.
(e)   Ratios of net investment income and expenses to average net assets do not include the impact of the underlying funds' expenses.
(f)   The ratio of net expenses and total expenses to average net assets without dividend on securities sold short, short holdings borrowing fees and interest expense was as follows for the period indicated:

| | June 30, 2015 | December 31, 2014 | December 31, 2013 | December 31, 2012 |
|---|---|---|---|---|
| JNL/BlackRock Global Long Short Credit Fund | 1.38% | 1.43% | 1.42% | N/A |
| JNL/Eaton Vance Global Macro Absolute Return Advantage Fund | 1.38 | 1.43 | 1.43 | N/A |
| JNL/Nicholas Convertible Arbitrage Fund | 1.28 | 1.31 | 1.32 | 1.36% |

(g)   Amount represents less than $0.005.
(h)   Total return for the JNL/Franklin Templeton Frontier Markets Fund includes a reimbursement from the sub-adviser due to certain investment losses. The return without the reimbursement was 18.30%.
(i)   Consolidated Financial Statements starting year ended December 31, 2013.
(j)   Consolidated Financial Statements since commencement of operations.
(k)   The ratio of net expenses to average net assets for JNL/T. Rowe Price Capital Appreciation Fund includes a reimbursement of 0.01% for advisory fees waived by the sub-adviser related to advisory fees earned on an affiliated investment held by the Fund.

See accompanying Notes to Financial Statements.

---

**Jackson Variable Series Trust Sub-Advised Funds** *(Unaudited)*
**Notes to Financial Statements**
June 30, 2015

**NOTE 1. ORGANIZATION**

The Jackson Variable Series Trust ("Trust") is an open-end management investment company organized under the laws of the Commonwealth of Massachusetts, by a Declaration of Trust, dated September 7, 2011. Prior to April 27, 2015, the Trust's name was Curian Variable Series Trust. The Trust is registered with the U.S. Securities and Exchange Commission ("SEC") under the Investment Company Act of 1940, as amended, ("1940 Act"), and its shares are registered under the Securities Act of 1933, as amended, ("1933 Act"). The Trust operates as a series company, and at June 30, 2015 consisted of thirty-six (36) separate funds. Information in these financial statements pertains to twenty-three (23) Funds (each a "Fund", and collectively, "Funds") offered by the Trust listed in the table below. Each Fund represents shares of beneficial interest in a separate portfolio of securities and other assets, each with its own investment objective.

Effective April 27, 2015, Jackson National Asset Management, LLC ("JNAM", the "Adviser" or "Administrator"), a wholly-owned subsidiary of Jackson National Life Insurance Company® ("Jackson"), serves as investment adviser and administrator to each of the Funds. Prior to April 27, 2015, Curian Capital, LLC ("Curian"), a wholly-owned subsidiary of Jackson, served as investment adviser and administrator to the Funds. Jackson is an indirect wholly owned subsidiary of Prudential plc, a publicly traded company incorporated in the United Kingdom. Prudential plc is not affiliated in any manner with Prudential Financial Inc., a company whose principal place of business is the United States of America. The Funds offer only one class of shares. Shares of each Fund are sold to life insurance company separate accounts and other affiliated registered investment companies to fund the benefits of variable annuity contracts and variable life insurance policies. Shares may also be sold directly to qualified and non-qualified retirement plans and to other affiliated funds. The Funds and each Fund's Sub-Advisers are:

| Fund: | Sub-Adviser(s): |
|---|---|
| JNL Tactical ETF Conservative Fund, JNL Tactical ETF Moderate Fund, JNL Tactical ETF Growth Fund. The funds are collectively known as "JNL Tactical ETF Funds". | Mellon Capital Management Corporation |
| JNL/AQR Risk Parity Fund | AQR Capital Management, LLC |
| JNL/BlackRock Global Long Short Credit Fund | BlackRock Financial Management, Inc. |
| | BlackRock International Limited |
| JNL/DFA U.S. Micro Cap Fund | Dimensional Fund Advisors LP |
| JNL/DoubleLine Total Return Fund | DoubleLine Capital LP |
| JNL/Eaton Vance Global Macro Absolute Return Advantage Fund | Eaton Vance Management |
| JNL/Epoch Global Shareholder Yield Fund | Epoch Investment Partners, Inc. |
| JNL/FAMCO Flex Core Covered Call Fund | Fiduciary Asset Management LLC |
| JNL/Franklin Templeton Frontier Markets Fund | Templeton Asset Management Ltd. |
| JNL/Franklin Templeton Natural Resources Fund | Franklin Advisers, Inc. |
| JNL/Lazard International Strategic Equity Fund | Lazard Asset Management LLC |
| JNL/Neuberger Berman Currency Fund and JNL/Neuberger Berman Risk Balanced Commodity Strategy Fund | Neuberger Berman Fixed Income LLC |
| JNL/Nicholas Convertible Arbitrage Fund | Nicholas Investment Partners, L.P. |

**Item 11. Controls and Procedures.**

(a)     The registrant maintains disclosure controls and procedures that are designed to ensure that information required to be disclosed in the registrant's filings under the Securities Exchange Act of 1934, as amended, and the Investment Company Act of 1940, as amended, is recorded, processed, summarized, and reported within the periods specified in the rules and forms of the U.S. Securities and Exchange Commission. Such information is accumulated and communicated to the registrant's management, including its principal executive officer and principal financial officer, as appropriate, to allow timely decisions regarding required disclosure. The registrant's management, including the principal executive officer and the principal financial officer, recognizes that any set of controls and procedures, no matter how well designed and operated, can provide only reasonable assurance of achieving the desired control objectives.

Within ninety (90) days prior to the filing date of this report on Form N-CSR, the registrant had carried out an evaluation, under the supervision and with the participation of the registrant's management, including the registrant's principal executive officer and the registrant's principal financial officer, of the effectiveness of the design and operation of the registrant's disclosure controls and procedures. Based on such evaluation, the registrant's principal executive officer and principal financial officer concluded that the registrant's disclosure controls and procedures are effective.

(b)     There have been no significant changes in the registrant's internal controls over financial reporting during the registrant's second fiscal quarter of the period covered by this report that have materially affected, or are reasonably likely to materially affect, the registrant's internal controls over financial reporting. There have been no significant changes in the registrant's internal controls or in other factors that could significantly affect the internal controls subsequent to the date of their evaluation in connection with the preparation of this report on Form N-CSR.

**Item 12. Exhibits.**

(a)       (1) Not applicable to the semi-annual filing.
           (2) The certifications required by Rule 30a-2(a) under the Investment Company Act of

1940, as amended, are attached hereto.
(3) Not applicable.

(b)       The certification required by Rule 30a-2(b) under the Investment Company Act of 1940, as amended, is attached hereto.

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, and the Investment Company Act of 1940, as amended, the registrant has duly caused this report to be signed on its behalf by the undersigned, thereunto duly authorized.

Jackson Variable Series Trust

By:     /s/ Mark D. Nerud
         Mark D. Nerud
         Principal Executive Officer

Date:      September 4, 2015

Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, and the Investment Company Act of 1940, as amended, this report has been signed below by the following persons on behalf of the registrant and in the capacities and on the dates indicated.

By:     /s/ Mark D. Nerud
         Mark D. Nerud
         Principal Executive Officer

Date:      September 4, 2015

By:     /s/ Daniel W. Koors
         Daniel W. Koors
         Principal Financial Officer

Date:      September 4, 2015

## EXHIBIT LIST

Exhibit 12(a)(2)        Certification of the Principal Executive Officer required by Rule 30a-2(a) under the Investment Company Act of 1940, as amended.

Certification of the Principal Financial Officer required by Rule 30a-2(a) under the Investment Company Act of 1940, as amended.

Exhibit 12(b)          Certification required by Rule 30a-2(b) under the Investment Company Act of 1940, as amended.