**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE NINE WEST LBO<br>SECURITIES LITIGATION | )<br>)<br>) | Case No. 1:20-md-02941-JSR |

---

| | | |
|---|---|---|
| MARC S. KIRSCHNER,<br>as Trustee for the NWHI Litigation Trust,<br><br>       Plaintiff<br>v.<br><br>MARY MARGARET HASTINGS<br>GEORGIADIS, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2020-cv-04292 |

---

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND<br>SOCIETY, FSB, as successor indenture<br>Trustee for the 6.875% Senior Notes due<br>2019, the 8.25% Senior Notes due 2019,<br>and the 6.125% Senior Notes due 2034 of<br>Nine West Holdings, Inc.<br><br>       Plaintiff<br>v.<br><br>MARY MARGARET HASTINGS<br>GEORGIADIS, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2020-cv-04286 |

**NOTICE OF JOINDER AND STATEMENT OF DEFENDANT NUVEEN SMALL CAP
INDEX FUND IN SUPPORT OF PUBLIC SHAREHOLDER DEFENDANTS' MOTION
TO DISMISS UNDER THE SAFE HARBOR OF 11 U.S.C. § 546(e)**

Defendant Nuveen Small Cap Index Fund[1] joins in support of public shareholder Defendants' Motion to Dismiss Under the Safe Harbor of 11 U.S.C. § 546(e), ECF No. 88.  For all the reasons set forth in the Shareholder Defendants' Memorandum of Law, ECF No. 90, the Court should dismiss all claims against the Nuveen Small Cap Index Fund in the complaints filed by Plaintiff Marc S. Kirschner, as Trustee for the NWHI Litigation Trust (the "Litigation Trustee") and Plaintiff Wilmington Savings Fund, FSB, as successor indenture trustee for the 6.875% Senior Notes due 2019, the 8.25% Senior Notes due 2019, and the 6.125% Senior Notes due 2034 of Nine West Holdings, Inc. (the "Indenture Trustee," and together with the Litigation Trustee, "Plaintiffs").

As set forth in Section I of the Shareholder Defendants' Memorandum, payments made by Nine West to public shareholder defendants such as the Nuveen Small Cap Index Fund for its common shares in the course of the leveraged buyout transaction fall within the absolute "safe harbor" under Section 546(e) of the Bankruptcy Code, 11 U.S.C. § 546(e).  For the reasons explained in the Shareholder Defendants' Memorandum, the allegations of the Complaints and transaction documents that are incorporated by reference establish that the shareholder payment allegedly made to the Nuveen Small Cap Index Fund qualifies for the safe harbor because (1) it was a "settlement payment" and "transfer" made "in connection with a securities contract," and (2) it was made "by" Nine West, which qualifies as a "financial institution" under the statutory definition because it was a "customer" of Wells Fargo Bank, National Association, a commercial bank that acted as Nine West's "agent" in the transaction.  *In re Tribune Co. Fraudulent*

---

[1] By filing this notice and joining in support of the Shareholder Defendants' Motion to Dismiss, the Nuveen Small Cap Index Fund does not concede the accuracy or completeness of Plaintiffs' allegations in the complaints.

*Conveyance Litig.,* 946 F.3d 66, 79-81 (2d Cir. 2019); *In re Tribune Co. Fraudulent Conveyance Litig.*, Nos. 11-md-2296, 12-cv-2652, 2019 WL 1771786 (S.D.N.Y. April 23, 2019).

The Nuveen Small Cap Index Fund also joins in the Shareholder Defendants' argument in Section I.B.2 of their Memorandum that because the Nuveen Small Cap Index Fund was a fund of an investment company, Nuveen Investments Funds, Inc., that was registered with the SEC as an investment company under the Investment Company Act of 1940 at the time of the leveraged buyout transaction (as demonstrated by the Form N-CSR attached to the Declaration of Craig C. Martin filed herewith),[2] it independently qualifies as a "financial institution" that received payments made "in connection with a securities contract." *See* 11 U.S.C. § 101(22)(B) (providing that definition of "financial institution" in Section 101(22)(B) of the Bankruptcy Code includes "in connection with a securities contract … an investment company registered under the Investment Company Act of 1940"). Accordingly, the Section 546(e) safe harbor applies to Plaintiffs' claims against the Nuveen Small Cap Index Fund regardless of the participation of Wells Fargo in the disputed transaction.

Finally, the Nuveen Small Cap Index Fund joins in the Shareholder Defendants' argument in Section II of their Memorandum that the Indenture Trustee's state law fraudulent conveyance claims are preempted by Section 546(e). *Tribune*, 946 F.3d at 97.

---

[2] *See* Declaration of Craig C. Martin Ex. 1 at 118 (providing that "Nuveen Investment Funds, Inc." is "an open-end investment company registered under the Investment Company Act of 1940, as amended").

In accordance with Paragraph 2(a) of this Court's Order dated June 12, 2020, ECF No. 20, the Nuveen Small Cap Index Fund reserves and does not waive the right to move to dismiss on all other grounds at a later stage of this proceeding, if necessary.

DATED: June 29, 2020

Respectfully submitted,

/s/ Craig C. Martin
Craig C. Martin
Brienne M. Letourneau
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle
Chicago, IL 60654
(312) 728-9000
cmartin@willkie.com
bletourneau@willkie.com

*Attorneys for Defendant Nuveen Small Cap Index Fund*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on June 29, 2020, I electronically filed the within document with the

Clerk of the Panel using the CM/ECF system, which shall send electronic notification of such

filing to all CM/ECF participants.


DATED: June 29, 2020

/s/ Craig C. Martin
Craig C. Martin
Brienne M. Letourneau
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle
Chicago, IL 60654
(312) 728-9000
cmartin@willkie.com

*Attorneys for Defendant Nuveen Small Cap Index Fund*