**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE NINE WEST LBO<br>SECURITIES LITIGATION | )<br>)<br>) | Case No. 1:20-md-02941-JSR |

| | | |
|---|---|---|
| MARC S. KIRSCHNER, as Trustee for the NWHI<br>LITIGATION TRUST, and WILMINGTON<br>SAVINGS FUND SOCIETY, FSB, as successor<br>indenture Trustee for the 6.875% Senior Notes due<br>2019, the 8.25% Senior Notes due 2019, and the<br>6.125% Senior Notes due 2034 of Nine West<br>Holdings, Inc.<br><br>                    Plaintiffs,<br><br>v.<br><br>SIDNEY KIMMEL, et al.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2020-cv-04287 |

**NOTICE OF JOINDER AND STATEMENT OF DEFENDANTS CREF EQUITY INDEX
ACCOUNT, TIAA-CREF FUNDS, TIAA-CREF FUNDS (TIAA-CREF EQUITY INDEX
FUND), TIAA-CREF FUNDS (TIAA-CREF SMALL-CAP BLEND INDEX FUND) IN
SUPPORT OF PUBLIC SHAREHOLDER DEFENDANTS' MOTION TO DISMISS
<u>UNDER THE SAFE HARBOR OF 11 U.S.C. § 546(e)</u>**

Defendants CREF Equity Index Account, TIAA-CREF Funds, TIAA-CREF Funds

(TIAA-CREF Equity Index Fund), TIAA-CREF Funds (TIAA-CREF Small-Cap Blend Index

Fund) (together, the "CREF and TIAA-CREF Defendants")[1] join in support of public

shareholder Defendants' Motion to Dismiss Under the Safe Harbor of 11 U.S.C. § 546(e), ECF

---

[1] By filing this notice and joining in support of the Shareholder Defendants' Motion to Dismiss, the CREF and TIAA-CREF Defendants do not concede the accuracy or completeness of Plaintiffs' allegations in the complaint.  Specifically, the CREF and TIAA-CREF Defendants do not concede that Plaintiffs have accurately identified CREF accounts and TIAA-CREF funds that received payments in the Nine West leveraged buyout, or the amounts of any such payments.

No. 88.  For all the reasons set forth in the Shareholder Defendants' Memorandum of Law, ECF No. 90, the Court should dismiss all claims against the CREF and TIAA-CREF Defendants in the complaint filed by Plaintiff Marc S. Kirschner, as Trustee for the NWHI Litigation Trust (the "Litigation Trustee") and Plaintiff Wilmington Savings Fund, FSB, as successor indenture trustee for the 6.875% Senior Notes due 2019, the 8.25% Senior Notes due 2019, and the 6.125% Senior Notes due 2034 of Nine West Holdings, Inc. (the "Indenture Trustee," and together with the Litigation Trustee, "Plaintiffs").

As set forth in Section I of the Shareholder Defendants' Memorandum, payments made by Nine West to public shareholder defendants such as the CREF and TIAA-CREF Defendants for their common shares in the course of the leveraged buyout transaction fall within the absolute "safe harbor"  under Section 546(e) of the Bankruptcy Code, 11 U.S.C. § 546(e).  For the reasons explained in the Shareholder Defendants' Memorandum, the allegations of the Complaint and transaction documents that are incorporated by reference establish that the shareholder payments allegedly made to the CREF and TIAA-CREF Defendants qualify for the safe harbor because (1) those payments were "settlement payments" and "transfer[s]" made "in connection with a securities contract," and (2) they were made "by" Nine West, which qualifies as a "financial institution" under the statutory definition because it was a "customer" of Wells Fargo Bank, National Association, a commercial bank that acted as Nine West's "agent" in the transaction.  *In re Tribune Co. Fraudulent Conveyance Litig.,* 946 F.3d 66, 79-81 (2d Cir. 2019); *In re Tribune Co. Fraudulent Conveyance Litig.*, Nos. 11-md-2296, 12-cv-2652, 2019 WL 1771786 (S.D.N.Y. April 23, 2019).

The CREF and TIAA-CREF Defendants also join in the Shareholder Defendants' argument in Section I.B.2 of their Memorandum that because the CREF and TIAA-CREF

Defendants were funds of companies (College Retirement Equities Fund and TIAA-CREF Funds, respectively) that were registered under the Investment Company Act of 1940 at the time of the leveraged buyout transaction (as demonstrated by the Forms N-CSR attached to the Declaration of Brienne M. Letourneau filed herewith),[2] they independently qualify as "financial institutions" that received payments made "in connection with a securities contract." *See* 11 U.S.C. § 101(22)(B) (providing that definition of "financial institution" in Section 101(22)(B) of the Bankruptcy Code includes "in connection with a securities contract … an investment company registered under the Investment Company Act of 1940"). Accordingly, the Section 546(e) safe harbor applies to Plaintiffs' claims against the CREF and TIAA-CREF Defendants regardless of the participation of Wells Fargo in the disputed transaction.

Finally, the CREF and TIAA-CREF Defendants join in the Shareholder Defendants' argument in Section II of their Memorandum that the Indenture Trustee's state law fraudulent conveyance claims are preempted by Section 546(e). *Tribune*, 946 F.3d at 97.

---

[2] *See* Declaration of Brienne M. Letourneau Ex. 1 at 78 n.1 (providing that "CREF is registered with the Securities and Exchange Commission ('Commission') under the Investment Company Act of 1940, as amended ('1940 Act'), as an open-end management investment company"); Ex. 2 at 90 n.1 (providing that "TIAA-CREF Funds" is "a Delaware statutory trust that is registered with the Securities and Exchange Commission ('Commission') under the Investment Company Act of 1940, as amended ('1940 Act'), as an open-end management investment company").

In accordance with Paragraph 2(a) of this Court's Order dated June 12, 2020, ECF No. 20, the CREF and TIAA-CREF Defendants reserve and do not waive the right to move to dismiss on all other grounds at a later stage of this proceeding, if necessary.

DATED: June 29, 2020

Respectfully submitted,

/s/ Brienne M. Letourneau
Brienne M. Letourneau (admitted *pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle
Chicago, IL 60654
(312) 728-9000
bletourneau@willkie.com

*Attorney for Defendants CREF Equity Index Account, TIAA-CREF Funds, TIAA-CREF Funds (TIAA-CREF Equity Index Fund), TIAA-CREF Funds (TIAA-CREF Small-Cap Blend Index Fund)*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on June 29, 2020, I electronically filed the within document with the

Clerk of the Panel using the CM/ECF system, which shall send electronic notification of such

filing to all CM/ECF participants.

DATED: June 29, 2020

 /s/ Brienne M. Letourneau
Brienne M. Letourneau (admitted *pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle
Chicago, IL 60654
(312) 728-9000
bletourneau@willkie.com

*Attorney for Defendants CREF Equity Index Account, TIAA-CREF Funds, TIAA-CREF Funds (TIAA-CREF Equity Index Fund), TIAA-CREF Funds (TIAA-CREF Small-Cap Blend Index Fund)*