MORITT HOCK & HAMROFF LLP
1407 Broadway, 39th Floor
New York, New York 10018
Telephone: (212) 239-2000
Facsimile: (212) 239-7277
James P. Chou
Alex D. Corey

*Counsel for Defendant Janet Carr*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE: NINE WEST LBO SECURITIES          Case No. 1: 20-md-2941 (JSR)
LITIGATION


------------------------------------------------------------X

MARC S. KIRSCHNER, as Trustee for the
NWHI LITIGATION TRUST, et al.

                          Plaintiffs,          Case No. 1:20-cv-04287 (JSR)

          -against-

SIDNEY KIMMEL, et al.
------------------------------------------------------------X

**NOTICE OF JOINDER AND STATEMENT OF DEFENDANT JANET CARR IN
SUPPORT OF FORMER DIRECTOR AND OFFICER DEFENDANTS' MOTION TO
DISMISS UNDER SECTION 546(e) SECURITIES SAFE HARBOR**

Defendant Janet Carr[1] ("Carr") joins in Defendants Gerald C. Crotty, John D.

Demsey, Robert L. Mettler, Mary Margaret Hastings Georgiadis, Matthew H. Kamens, Sidney

Kimmel, The Sidney Kimmel Revocable Indenture of Trust, Ann Marie C. Wilkins, Robert &

Susan Mettler Family Trust U/A 3/27/06, Robert L. Mettler, Susan T. Mettler, Trustees and

Telendos, LLC, James A. Mitarotonda, Jeffrey Neuchterlein, and Lowell W. Robinson

(collectively, the "Former Non-Management Directors"), along with Christopher R. Cade,

---

[1] Defendant Janet Carr was named a defendant in the complaint filed in *Kirschner v. Kimmel, et al.*, 20-cv-04287 (JSR) (the "*Kimmel* Complaint").

Wesley R. Card, Ira M. Dansky, Richard L. Dickson, Cynthia DiPietrantonio, Joseph T. Donnalley, Tami Fersko, John T. McClain and Aida Tejero-DeColli (the "Former Officers" and, together with the Former Non-Management Directors, the "Former Directors and Officers"), Dianne Card and the Ira Martin Dansky Revocable Trust's (the "Common Shares Defendants") (collectively, the "Moving Defendants") motion to dismiss the claims alleged in the consolidated MDL Complaints by Plaintiffs, Marc S. Kirschner, as Trustee for the NWHI Litigation Trust, and Wilmington Savings Fund Society, FSB, as successor indenture trustee for specified Notes for Nine West Holdings Incorporated directed at payments for Restricted Shares and share equivalent units ("Plaintiffs"), pursuant to the securities safe harbor under Section 546(e) of the Bankruptcy Code (the "Motion to Dismiss").

Ms. Carr hereby requests to join in, adopt, and incorporate herein by reference the arguments raised in the Motion to Dismiss, and accompanying documents, filed by co-defendants the Moving Defendants on June 29, 2020 [Document No. 93], in their entirety. Like the Moving Defendants, in 2014, when private equity firm Sycamore Partners Management, L.P. ("Sycamore") acquired The Jones Group, Inc. ("Jones Group") in a leveraged buyout (the "LBO"); creating Nine West Holdings, Inc. ("Nine West"), Ms. Carr, an employee of Nine West (f/k/a The Jones Group), was paid for her shares of restricted stock and accumulated dividends ("Restricted Shares") as part of the Merger Agreement.

The "securities safe harbor" set forth in Section 546(e) of the Bankruptcy Code bars a trustee from recouping (1) a "settlement payment" or "transfer made . . . in connection with a securities contract," that was made (2) "by or to (or for the benefit of) a . . . financial institution"—unless the trustee seeks to recoup the payments under Section 548(a)(1)(A) of the Bankruptcy Code, which provides a federal remedy for intentional fraudulent conveyance. 11

2

U.S.C. § 546(e); *see Merit Mgmt. Grp., LP* v. *FTI Consulting Inc.*, 138 S. Ct. 883, 889 (2018). As discussed more fully in the Motion to Dismiss, payments to Nine West employees like Ms. Carr in exchange for Restricted Shares qualify as both "settlement payments" and transfers made "in connection with a securities contract" under Section 546(e). Payments for the Restricted Shares and share equivalent units to Janet Carr, and the Moving Defendants, were made "in full settlement" of shares that were cancelled pursuant to the Merger Agreement—a securities contract—and thus fit easily within the definition of a transfer in connection with a securities contract.

The safe harbor provision is further satisfied because the payments for Restricted Shares in connection with the LBO were "made by or to (or for the benefit of)" a "financial institution" for Bankruptcy Code Section 546(e) purposes. Nine West satisfies the definition of "financial institution" because (i) it was a "customer" of Wells Fargo, and Wells Fargo acted as Nine West's agent in connection with the Merger Agreement; and (ii) because Nine West was the customer of a financial institution in connection with any Restricted Share payments allegedly made "through payroll and by other means." *Kimmel* Complaint ¶ 135. Under Sections 101(22)(A) and 546(e) of the Bankruptcy Code, Nine West's agency relationship with Wells Fargo qualifies it as a "financial institution" for purposes of the applicable securities contract: the Merger Agreement. That securities contract provided for payments related to Restricted Shares and share equivalent units; thus Nine West qualifies as a financial institution. Even accepting as true the *Kimmel* Complaint's allegation that the payments "were processed through the payroll and by other means," it would be implausible for the payments to have been made from anywhere other than Nine West's deposited funds, or for Nine West not to have been in control of the relationship.

## CONCLUSION

For the reasons set forth above, and for all other reasons set forth in the Motion to dismiss, which are joined, adopted and incorporated by reference herein in their entirety, Plaintiffs' fraudulent conveyance claims against Defendant Janet Carr should be dismissed. Defendant Janet Carr further requests that the Court grant such other and further relief as it deems just and proper, including an award of legal fees and costs.

Dated:  New York, New York
　　　　June 29, 2020

Respectfully submitted,

MORITT HOCK & HAMROFF LLP


By:  /s/ James P. Chou
　　　James P. Chou
　　　Alex D. Corey
　　　1407 Broadway, 39th Floor
　　　New York, New York  10018
　　　(212) 239-2000

*Counsel for Defendant Janet Carr*

4