UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NINE WEST LBO SECURITIES LITIGATION | No. 1:20-md-2941-JSR |
| Pertains to: *Kirschner, et al. v. Kimmel, et al.* | No. 1:20-cv-04287-JSR |

**MEMORANDUM OF LAW OF DEFENDANTS KATHLEEN NEDOROSTEK KASWELL, JOSEPH STAFINIAK, AND MARY E. BELLE IN SUPPORT OF THER MOTION TO DISMISS THE COMPLAINT**

**MORRISON COHEN LLP**

Y. David Scharf
Ryan M. Wilson
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8600
Facsimile: (212) 735-8708
E-mail:  dscharf@morrisoncohen.com
            rwilson@morrisoncohen.com

*Attorneys for Defendants Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Belle*

## PRELIMINARY STATEMENT

Defendants Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Bell respectfully submit this memorandum in support of their motion, pursuant to 11 U.S.C. § 546(e), to dismiss the Complaint filed on June 5, 2020 (the "Complaint"), by Plaintiffs Mark S. Kirschner, as Trustee for the NWHI Litigation Trust, and Wilmington Savings Fund Society, FSB, as successor indenture trustee for the 6.875% Senior Notes due 2019, the 8.25% Senior Notes due 2019, and the 6.125% Senior Notes due 2034 of Nine West Holdings, Inc. ("Plaintiffs"). Simply put, Plaintiffs' causes of action for the avoidance and recovery of shareholder transfers as constructive fraudulent conveyances and intentional fraudulent conveyances are barred by Section 546(e) of the Bankruptcy Code. Thus, Defendants Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Bell join in the motion to dismiss the Complaint filed by defendants AQR Absolute Return Master Account, L.P., Christopher R. Cade and other defendants on these grounds. Accordingly, Defendants Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Bell incorporate herein and join in the memoranda of law filed by these defendants. *See* Dkt. Nos. 90, 94. The Complaint should be dismissed with prejudice as against Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Bell.

## RELEVANT ALLEGATIONS IN THE COMPLAINT

Plaintiffs' allege that Defendants Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Bell are "Shareholder Defendants" by virtue of having received transfers in connection with the cancellation of Jones Group Stock (including Common Shares, Restricted Shares, Share Equivalent Units, and accumulated unpaid dividends on Restricted Shares) as a result of the leveraged buy-out of the Jones Group. (Compl. ¶ 41.) Specifically, Plaintiffs allege that Kathleen Nedorostek Kaswell received $4,187,879.25 in transfers, that Joseph Stafiniak received

1

$300,000.00 in transfers, and that Mary E. Belle received $1,181,244.80 in transfers. (*Id.*) More broadly, Plaintiffs assert that the shareholders of the Jones Group were paid $1.183B for their shares, with $1.105B being paid in return for Common Shares and $78M being paid in return for Restricted Shares, accumulated unpaid dividends on Restricted Shares, and Share Equivalent Units. (Compl. ¶ 135.) Plaintiffs further allege that the shareholder transfers for Common Shares were made by a "non-agent contractor that performed the ministerial function of processing share certificates and cash," while the shareholder transfers for Restricted Shares, accumulated unpaid dividends on Restricted Shares, and Share Equivalent Units were "processed through the payroll and by other means." (*Id.*)

In their Complaint, Plaintiffs argue that these transfers to shareholders—including transfers to Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Bell—should be avoided and recovered as constructive fraudulent conveyances because the Jones Group's successor, Nine West Holdings Inc. ("NWHI"), did not receive "fair consideration or reasonably equivalent value in exchange" and, at the time the transfers were made, (a) NWHI was or became insolvent, (b) NWHI was engaged or was about to engage in a business or transaction for which the remaining assets of NWHI were unreasonably small; and/or (c) NWHI intended to incur or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they matured or became due. (Compl. ¶¶ 192-97.) Plaintiffs also allege that these transfers should be avoided and recovered as intentional fraudulent conveyances, asserting that these transfers were made with "actual intent to hinder, delay, or defraud its present or future creditors," as demonstrated by a number of "badges of fraud." (Compl. ¶¶ 198-202.)

**ARGUMENT**

**PLAINTIFFS CANNOT AVOID AND RECOVER THE
SHAREHOLDER TRANSFERS BECAUSE THEY QUALIFY AS
"SETTLEMENT PAYMENTS" UNDER SECTION 546(e)'S SAFE HARBOR**

The authorities set forth in the incorporated memoranda of law demonstrate that Plaintiffs' causes of action against Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Bell should be dismissed as a matter of law pursuant to Section 546(e) of the Bankruptcy Code.

**CONCLUSION**

For all of the foregoing reasons, as well as the reasons set forth in the incorporated memoranda of law submitted by other defendants, Defendants Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Bell respectfully request that this Court enter an order (1) dismissing Count V and Count VI as against Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Bell, and (2) granting Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Bell such further relief as the Court deems just and proper.  Defendants Kathleen Nedorostek Kaswell, Joseph Stafiniak, and Mary E. Bell also note that this motion to dismiss should in no way be construed as a waiver of any other defenses available to them, including those defenses detailed in Rule 12(b) of the Federal Rules of Civil Procedure.

Dated: New York, New York,
       June 29, 2020

**MORRISON COHEN LLP**

By: */s/ Ryan M. Wilson*
    Y. David Scharf
    Ryan M. Wilson
    909 Third Avenue
    New York, New York 10022
    Phone: (212) 735-8600
    Facsimile: (212) 735-8708
    E-mail:  dscharf@morrisoncohen.com
          rwilson@morrisoncohen.com

*Attorneys for Defendants Kathleen Nedorostek*
*Kaswell, Joseph Stafiniak, and Mary E. Belle*

4