UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
                                 )

IN RE NINE WEST LBO SECURITIES      )
LITIGATION                            ) No. 1:20-cv-04287-JSR (S.D.N.Y.)
                                 )
Pertains to:                          )
 *Kirschner* v. *McClain, et. al.*, No. 20-cv-   )
 01768; *Kirschner* v. *Cade, et. al.*, No. 20-cv- )
 60343; *Kirschner v. Kimmel, et. al.*, No. 20- )
 cv-4287; *Kirschner v. Advisors Series Trust* )
 *(Kellner Merger*                )
*Fund), et. al.*, No. 20-cv-4433
*Wilmington Savings Fund Society v. Cade, et.*
*al.*, No. 20-cv-60344
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

**MEMORANDUM OF LAW OF DEFENDANTS HEATHER HARLAN AND GEORGE
<u>SHARP IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT</u>**

PECKAR & ABRAMSON, P.C.
1325 Avenue of the Americas, 10th Floor
New York NY 10019
Telephone 212-382-0909
*Attorneys for Defendants, Heather Harlan and
George Sharp*

Dated: July 2, 2020

<u>On the Brief</u>:

Kevin J. O'Connor, Esq.

## PRELIMINARY STATEMENT

Defendants Heather Harlan and George Sharp respectfully submit this memorandum in support of their motion, pursuant to 11 U.S.C. § 546(e), to dismiss the Complaint filed by Plaintiffs Mark S. Kirschner, as Trustee for the NWHI Litigation Trust, and Wilmington Savings Fund Society, FSB, as successor indenture trustee for the 6.875% Senior Notes due 2019, the 8.25% Senior Notes due 2019, and the 6.125% Senior Notes due 2034 of Nine West Holdings, Inc. ("Plaintiffs").  Plaintiffs' causes of action for the avoidance and recovery of shareholder transfers as constructive fraudulent conveyances and intentional fraudulent conveyances are barred by 11 U.S.C. § 546(e), and Defendants Harlan and Sharp join in the motion to dismiss the Complaint filed by defendants AQR Absolute Return Master Account, L.P., Christopher R. Cade and other defendants on these grounds. Accordingly, Defendants Harlan and Sharp incorporate herein and join in the memoranda of law filed by these and other defendants. See Dkt. Nos. 90, 94. The Complaint should be dismissed with prejudice as against Defendants Harlan and Sharp.

## RELEVANT ALLEGATIONS IN THE COMPLAINT

Plaintiffs' allege that Defendants Harlan and Sharp are within a group of "Shareholder Defendants" by virtue of having received transfers in connection with the cancellation of Jones Group Stock (including Common Shares, Restricted Shares, Share Equivalent Units, and accumulated unpaid dividends on Restricted Shares) as a result of the leveraged buy-out of the Jones Group. (Compl. ¶ 41.)  Plaintiffs assert that the shareholders of the Jones Group were paid $1.183B for their shares, with $1.105B being paid in return for Common Shares and $78M being paid in return for Restricted Shares, accumulated unpaid dividends on Restricted Shares, and Share Equivalent Units. (Id., ¶ 135.) Plaintiffs further allege that the shareholder transfers for Common Shares were made by a "non-agent contractor that performed the ministerial function of processing share certificates and cash," while the shareholder transfers for Restricted Shares, accumulated

unpaid dividends on Restricted Shares, and Share Equivalent Units were "processed through the payroll and by other means." (Id.)

In their Complaint, Plaintiffs argue that these transfers to shareholders - including transfers to Defendants Harlan and Sharp-- should be avoided and recovered as constructive fraudulent conveyances because the Jones Group's successor, Nine West Holdings Inc. ("NWHI"), did not receive "fair consideration or reasonably equivalent value in exchange" and, at the time the transfers were made, (a) NWHI was or became insolvent, (b) NWHI was engaged or was about to engage in a business or transaction for which the remaining assets of NWHI were unreasonably small; and/or (c) NWHI intended to incur or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they matured or became due. (Id., ¶¶ 192-97.) Plaintiffs also allege that these transfers should be avoided and recovered as intentional fraudulent conveyances, asserting that these transfers were made with "actual intent to hinder, delay, or defraud its present or future creditors," as demonstrated by a number of "badges of fraud." (Id., ¶¶ 198-202.)

## ARGUMENT

### PLAINTIFFS CANNOT AVOID AND RECOVER THE SHAREHOLDER TRANSFERS BECAUSE THEY QUALIFY AS "SETTLEMENT PAYMENTS" UNDER SECTION 546(E)'S SAFE HARBOR

The authorities set forth in the incorporated memoranda of law demonstrate that Plaintiffs' causes of action against Defendants Harlan and Sharp should be dismissed as a matter of law pursuant to Section 546(e) of the Bankruptcy Code.

## CONCLUSION

For all of the foregoing reasons, as well as the reasons set forth in the incorporated memoranda of law submitted by other defendants, Defendants Heather Harlan and George Sharp respectfully request that this Court enter an order (1) dismissing all claims as against Harlan and

3

Sharp; and (2) granting Harlan and Sharp such further relief as the Court deems just and proper.

Defendants Harlan and Sharp also note that this motion to dismiss should in no way be construed

as a waiver of any other defenses available to them, including those defenses detailed in Rule 12(b)

of the Federal Rules of Civil Procedure.

Dated: July 2, 2020                                    PECKAR & ABRAMSON, P.C.

                                                       By: */s/ Kevin J. O'Connor*
                                                           KEVIN J. O'CONNOR, ESQ.
                                                       At*torneys for Defendants, Heather Harlan and*
                                                       George Sharp
                                                       1325 Avenue of the Americas, 10th Floor
                                                       New York NY 10019
                                                       Telephone 212-382-0909
                                                       Email: koconnor@pecklaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, I electronically filed the enclosed Memorandum of Law in Support of Motion to Dismiss with the Clerk of the Court using the ECF, who in turn sent notice to all counsel of record in this action.

Dated:    July 2, 2020                              */s/ Kevin J. O'Connor*
                                                     Kevin J. O'Connor