**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: NINE WEST LBO SECURITIES LITIGATION | No. 20-md-2941 (JSR) |
| Pertains to *Kirschner, et al. v. Advisors Series Trust (Kellner Merger Fund), et al*. | No. 20-cv-4433 (JSR) |

**JOINDER OF DEFENDANT NY-8 TO PUBLIC SHAREHOLDER
DEFENDANTS' MOTION TO DISMISS**

Defendant NY-8, so designated by Plaintiffs in the above-captioned action and alleged to be a shareholder who received proceeds from the challenged transaction, hereby joins the Notice of Motion (Dkt. 88) and Memorandum of Law in Support of Public Shareholder Defendants' Motion to Dismiss Under the Safe Harbor of 11 U.S.C. § 546(e) (Dkt. No. 90) (the "Memorandum").

As set forth in Sections I.A. and I.B.1. of the Memorandum, payments made to public shareholder defendants fall within the absolute "safe harbor" under Section 546(e) of the Bankruptcy Code (*see* 11 U.S.C. § 546(e)) (the "Safe Harbor") because each payment:  (1) constituted a "settlement payment" and "transfer" made "in connection with a securities contract," and (2) was made "by" Nine West Holdings, Inc. ("Nine West"), which qualifies as a "financial institution" under the statutory definition because it was a "customer" of Wells Fargo Bank, National Association, a commercial bank that acted as Nine West's "agent" in the transaction.  *In re Tribune Co. Fraudulent Conveyance Litig.*, 946 F.3d 66, 79-81 (2d Cir. 2019); *In re Tribune Co. Fraudulent Conveyance Litig.*, Nos. 11-md-2296, 12-cv-2652, 2019 WL 1771786 (S.D.N.Y. April 23, 2019).

In addition, Defendant NY-8 was at all relevant times registered with the Securities and Exchange Commission as an investment company under the Investment Company Act of 1940. Accordingly, Defendant NY-8 also joins in the argument in Section I.B.2 of the Memorandum that it independently qualifies as a "financial institution" for purposes of the safe harbor. *See* 11 U.S.C. § 101(22)(B).

Defendant NY-8 also joins in the argument in Section II of the Memorandum demonstrating the Indenture Trustee's state law fraudulent conveyance claims are preempted by Section 546(e).

Finally, in accordance with Paragraph 2(a) of this Court's Order dated June 12, 2020, Defendant NY-8 reserves and does not waive the right to move to dismiss on all other grounds at a later stage of this proceeding, if necessary.

Dated: New York, New York
      July 7, 2020

Respectfully submitted,

**ENTWISTLE & CAPPUCCI LLP**


*/s/ Andrew J. Entwistle*
Andrew J. Entwistle
Joshua K. Porter
299 Park Avenue, 20th Floor New York,
New York 10171
Tel. (212) 894-7200
aentwistle@entwistle-law.com
jporter@entwistle-law.com

2