# EXHIBIT C

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

————————————————————— X
                                                          :
IN RE THE JONES GROUP INC.                :
SHAREHOLDERS LITIGATION              :          Index No. 650096/2014
                                                          :          (Bransten, J., Part 3)
—————————————————————  :
                                                          :
This Document Relates To:                      :
                                                          :
                                                          :
                                                          :          STIPULATION OF SETTLEMENT
ALL ACTIONS.                                        :
                                                          :
————————————————————— X

This Stipulation of Settlement (the "Stipulation"), dated August 6, 2014, which is entered into between Plaintiffs and Defendants (defined below), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter and is intended by the parties to this Stipulation to fully and finally compromise, resolve, discharge and settle the Action and the Settled Claims, as defined herein, subject to the approval of the Court, as defined herein:

WHEREAS, on December 19, 2013, The Jones Group Inc. ("JNY") and Sycamore Partners (along with its various affiliates, "Sycamore") announced that JNY and affiliates of Sycamore had entered into an Agreement and Plan of Merger (the "Merger Agreement"), pursuant to which an affiliate of Sycamore, Jasper Merger Sub, Inc. ("Merger Sub"), would merge with and into JNY, with JNY surviving the merger as a wholly-owned subsidiary of an affiliate of Sycamore, Jasper Parent LLC ("Parent") (in its entirety, the "Merger");

WHEREAS, on January 7, 2014, counsel for Plaintiff Jacky Ettedgui sent a letter to the JNY Board of Directors (the "JNY Board") alleging breaches of fiduciary duty related to the Merger; requesting that the JNY Board take certain actions; and indicating that Plaintiff Ettedgui may take legal action;

WHEREAS, on January 13, 2014, Plaintiff Gus Voyiatgis filed a Class Action Complaint in the Supreme Court of the State of New York, County of New York, Index No. 650096/2014, on behalf of himself and those similarly situated stockholders of JNY, against JNY Board members Wesley R. Card, Sidney Kimmel, Matthew H. Kamens, Gerald C. Crotty, Lowell W. Robinson, Robert L. Mettler, Margaret H. Georgiadis, John D. Demsey, Jeffrey D. Nuechterlein, Ann Marie C. Wilkins, and James A. Mitarotonda (collectively, the "Individual Defendants"), and against JNY and Sycamore affiliates Parent and Merger Sub (the "Voyiatgis Complaint");

WHEREAS, the Voyiatgis Complaint alleged that the Individual Defendants breached their fiduciary duties in connection with approving the Merger at an unfair price and pursuant to an unfair process and that JNY and Sycamore affiliates Parent and Merger Sub aided and abetted those alleged breaches;

WHEREAS, also on January 13, 2014, Plaintiff James R. Smith filed a separate Class Action Complaint on behalf of himself and those similarly situated stockholders of JNY, against substantially the same defendants and asserting substantially similar claims as those alleged in the Voyiatgis Complaint;

WHEREAS, on January 14, 2014, pursuant to Pennsylvania law, the JNY Board formed a special litigation committee (the "SLC") to review and investigate the breach of fiduciary duty allegations asserted by the various Plaintiffs;

WHEREAS, on January 14, 2014, Plaintiff Ettedgui filed a separate Derivative and Class Action Complaint on behalf of himself and those similarly situated stockholders of JNY, against substantially the same defendants and asserting substantially similar claims as those alleged in the Voyiatgis Complaint;

WHEREAS, on January 17, 2014, JNY filed a Preliminary Proxy Statement on Schedule 14A (the "Preliminary Proxy") with the U.S. Securities and Exchange Commission ("SEC") relating to the proposed Merger;

WHEREAS, on January 22, 2014, Plaintiffs Smith and Ettedgui filed an Order to Show Cause for Consolidation of the Actions and Appointment of a Leadership Structure;

WHEREAS, on January 23, 2014, Plaintiff Aash Mehta filed a separate Class Action Complaint, on behalf of himself and those similarly situated stockholders of JNY, against

substantially the same defendants and asserting substantially similar claims as those alleged in the Voyiatgis Complaint;

WHEREAS, on January 23, 2014, Plaintiff Joseph Iannuzzo filed an additional separate Class Action Complaint, on behalf of himself and those similarly situated stockholders of JNY, against substantially the same defendants and asserting substantially similar claims as those alleged in the Voyiatgis Complaint, and adding claims related to the disclosures in the Preliminary Proxy;

WHEREAS, on January 27, 2014, Plaintiffs Ettedgui and Smith each filed an Amended Derivative and Class Action Complaint, also adding claims related to the disclosures in the Preliminary Proxy;

WHEREAS, on January 31, 2014, counsel for Plaintiff Chaile Steinberg sent a letter to the JNY Board alleging breaches of fiduciary duty related to the Merger; requesting that the Board take certain actions; and indicating that Plaintiff Steinberg may take legal action;

WHEREAS, on February 11, 2014, JNY filed with the SEC Amendment No. 1 to the Preliminary Proxy, making certain additional disclosures;

WHEREAS, on February 20, 2014, Plaintiff Steinberg filed a separate Derivative and Class Action Complaint, on behalf of herself and those similarly situated stockholders of JNY, against substantially the same defendants and asserting substantially similar claims as those alleged in the Voyiatgis Complaint, and adding claims related to the Preliminary Proxy;

WHEREAS, on February 20, 2014, Plaintiff Iannuzzo filed a Cross-Motion for Appointment of Lead Plaintiff, Appointment of Lead Counsel and Consolidation and partial opposition to the earlier Order to Show Cause filed by Plaintiffs Smith and Ettedgui;

WHEREAS, on February 25, 2014, JNY filed with the SEC Amendment No. 2 to the Preliminary Proxy, making certain additional disclosures;

WHEREAS, on February 27, 2014, JNY filed with the SEC Amendment No. 3 to the Preliminary Proxy, making certain additional disclosures;

WHEREAS, on February 27, 2014, Plaintiffs Smith and Ettedgui filed their reply in further support of their Order to Show Cause and Opposition to Plaintiff Iannuzzo's Cross-Motion;

WHEREAS, on February 28, 2014, the SLC, after retaining legal counsel and conducting an investigation into the allegations made by Plaintiffs, issued a report detailing its investigation and concluding that the JNY Board had not breached its fiduciary duties and, accordingly, JNY should not take any action ("SLC Report");

WHEREAS, on March 3, 2014, counsel for plaintiffs were provided with a copy of the SLC Report;

WHEREAS, on March 6, 2014, the parties appeared before the Court, and upon the motions filed by Plaintiffs Smith, Ettedgui and Iannuzzo, the Court entered an Order appointing Plaintiffs Smith and Iannuzzo as Co-Lead Plaintiffs, and the law firms of Robbins Geller Rudman & Dowd LLP and Milberg LLP as Plaintiffs' Co-Lead Counsel, and consolidating Plaintiffs' lawsuits into this Action;

WHEREAS, on March 6, 2014, JNY filed a Definitive Proxy Statement on Schedule 14A (the "Definitive Proxy") with the SEC relating to the proposed Merger;

WHEREAS, on March 7, 2014, Co-Lead Plaintiffs filed a Consolidated Derivative and Class Action Complaint and Demand for Jury Trial, on behalf of themselves and those similarly situated stockholders of JNY, against substantially the same defendants and asserting

substantially similar claims as those alleged in the Voyiatgis Complaint, making claims related to the Preliminary Proxy, and adding claims related to the SLC investigation (the "Consolidated Complaint");

WHEREAS, on March 10, 2014, Plaintiffs filed a Motion by Order to Show Cause for Expedited Discovery (the "Expedited Discovery Motion"), and Defendants filed a proposed Order to Show Cause seeking the dismissal of the Consolidated Complaint (the "Motion to Dismiss");

WHEREAS, on March 14, 2014, the Parties came to an agreement pursuant to which, among other things: (i) Defendants would provide to Plaintiffs limited discovery relating solely to the SLC's investigation; (ii) Plaintiffs agreed that they would not be permitted to use such discovery or information derived therefrom in support of a motion for a preliminary injunction, temporary restraining order, amended complaint or for any purpose other than to challenge the sufficiency of the SLC's investigation in their opposition to Defendants' Motion to Dismiss; (iii) Plaintiffs would withdraw their Expedited Discovery Motion; and (iv) Defendants would seek an adjournment of the argument date and briefing deadlines for their Motion to Dismiss to dates to be set in the future, except that notwithstanding the agreement to adjourn the Motion to Dismiss argument and briefing dates, in the event Plaintiffs sought to enjoin the transaction, Defendants' Motion to Dismiss would be heard at the same time as any such application by Plaintiffs;

WHEREAS, on March 18, 2014, the Parties filed with the Court a Stipulation and Order withdrawing the Expedited Discovery Motion and adjourning the Motion to Dismiss;

WHEREAS, on March 20, 2014, pursuant to the Court's request, the parties submitted a revised Stipulation and Order (i) withdrawing the Expedited Discovery Motion and (ii) withdrawing the Motion to Dismiss, without prejudice to re-file;

WHEREAS, on March 26, 2014, the Court entered the parties' Stipulation and Order withdrawing the Expedited Discovery Motion and withdrawing the Motion to Dismiss, without prejudice to re-file;

WHEREAS, between March 14, 2014, and March 21, 2014, the Parties participated in discovery concerning the SLC investigation, including the production of approximately 900 pages of documents by Defendants and the deposition of Jeffrey D. Nuechterlein, Chair of the SLC;

WHEREAS, Defendants assert that the additional disclosures in Amendment Nos. 1-3 to the Preliminary Proxy were made specifically and solely in response to letters received from the SEC, and not in response to any claims made or allegations asserted by Plaintiffs;

WHEREAS, Plaintiffs assert that the additional disclosures in Amendment Nos. 1-3 to the Preliminary Proxy were made in response to certain claims in certain of Plaintiffs' complaints, which were filed prior to any of the relevant SEC comment letters, to which Plaintiffs were not given access prior to the signing of the MOU (defined below);

WHEREAS, both Defendants and Plaintiffs agree that Plaintiffs were the sole cause for the Supplemental Disclosures (as defined below) subsequently filed with the SEC;

WHEREAS, after discovery and arm's-length negotiations, counsel for the parties reached an agreement-in-principle concerning the proposed settlement of the Action, which they memorialized in a Memorandum of Understanding dated March 31, 2014 (the "MOU");

*In re The Jones Group Inc. Shareholders Litigation*                    *Index No. 650096/2014*

WHEREAS, the Merger was approved by JNY stockholders and consummated on April 8, 2014;

WHEREAS, Defendants specifically deny the allegations made by Plaintiffs, including in the demands, any of the above-referenced complaints, the Action, and all other purported concerns expressed with respect to the Merger and the Merger Agreement, and Defendants maintain that they have committed no breach of fiduciary duty or other wrongdoing whatsoever, have committed no disclosure or other violations in connection with the Merger Agreement, the Preliminary Proxy or the Definitive Proxy and any amendments, supplements, or modifications to any of the foregoing, and any other public disclosures made in connection with or regarding the Merger, have not aided or abetted any breach of fiduciary duty or other alleged wrongdoing, and entered into the MOU and are entering into this Stipulation solely to eliminate the burden and expense of further litigation; and

WHEREAS, Plaintiffs contend that they brought and maintained their claims in good faith and that their claims have legal merit, but nevertheless believe that the terms contained in this Stipulation are fair, reasonable and adequate to, and in the best interests of, both JNY and its stockholders, and that it is reasonable to pursue a settlement of the Action based upon the terms outlined herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED**, by Plaintiffs, for themselves and on behalf of the Class (as defined below), and the Defendants that, subject to the approval of the Court and pursuant to Article 9 of the New York Civil Practice Law and Rules and the other conditions set forth herein, for the good and valuable consideration set forth herein and conferred on Plaintiffs and the Class, the Action shall be finally and fully settled, compromised and dismissed, on the merits and with prejudice, and that

the Settled Claims shall be finally and fully compromised, settled, released and dismissed with prejudice as to the Released Persons (as defined below), in the manner and upon the terms and conditions hereafter set forth.

## A.      DEFINITIONS

1.      As used in this Stipulation, the following capitalized terms shall have the meanings specified below:

(a)      "Action" means the consolidated action in this Court captioned *In re The Jones Group Inc. Shareholders Litigation*, Index No. 650096/2014.

(b)      "Class" means any and all persons or entities who held shares of JNY common stock, either of record or beneficially, at any time between December 19, 2013, and April 8, 2014, the date of consummation of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them.  Excluded from the Class are Defendants, members of the immediate family of any Individual Defendant, any entity in which a Defendant has or had a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded person.  For purposes of the Settlement only, the Action shall be provisionally certified as a non-opt-out class action pursuant to New York Civil Practice Law and Rules § 901, *et seq.* on behalf of the Class.   CLASS MEMBERS SHALL HAVE THE RIGHT TO SEEK EXCLUSION FROM THE SETTLEMENT ONLY AS TO ANY DIRECT INDIVIDUAL CLAIMS FOR MONETARY DAMAGES ARISING OUT OF THE MERGER AND NOT FOR ANY DERIVATIVE CLAIMS OR CLAIMS FOR INJUNCTIVE RELIEF.   FOR THE

AVOIDANCE OF DOUBT, IT IS DEFENDANTS' POSITION THAT NO SUCH DIRECT CLAIMS ARE PERMITTED UNDER APPLICABLE PENNSYLVANIA LAW.

(c)      "Class Member" means a member of the Class.

(d)      "Co-Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Milberg LLP.

(e)      "Court" means the Supreme Court of the State of New York, County of New York, Commercial Division.

(f)      "Defendants" means The Jones Group Inc., Jasper Merger Sub, Inc., Jasper Parent LLC, Sycamore Partners, L.P., Wesley R. Card, Sidney Kimmel, Matthew H. Kamens, Gerald C. Crotty, Lowell W. Robinson, Robert L. Mettler, Margaret H. Georgiadis, John D. Demsey, Jeffrey D. Nuechterlein, Ann Marie C. Wilkins, and James A. Mitarotonda.

(g)      "Defendants' Counsel" means the law firms of Cravath, Swaine & Moore LLP; Skadden, Arps, Slate, Meagher & Flom LLP; and Winston & Strawn LLP.

(h)      "Defendants' Released Claims" means all claims (including Unknown Claims (defined below)) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Settled Claims (defined below), except claims to enforce the terms of the Settlement.

(i)      "Effective Date" means the first business day following the date the Judgment becomes final and unappealable, whether by affirmance on or exhaustion of any possible appeal or review, writ of certiorari, lapse of time or otherwise. The finality of the Judgment shall not be affected by any appeal or other proceeding regarding solely an application for attorneys' fees and expenses.

(j)     "Final Court Approval" means the entry of the Judgment (as defined below) together with each of the following:

i.     the dismissal of the Action with prejudice and on the merits against all Defendants without the award of any damages, costs, fees, or the grant of any further relief except for the relief provided herein and any award of fees and expenses pursuant to Paragraph 11 below; and

ii.     such Judgment and dismissal of the Action being finally affirmed on appeal or such Judgment and dismissal not being subject to appeal (or further appeal) by lapse of time or otherwise.

(k)     "Judgment" means the Order and Final Judgment to be entered by the Court in the Action substantially in the form attached as Exhibit D hereto, effecting dismissal of the Action with prejudice and on the merits.

(l)     "Notice" means the Notice of Pendency of Class Action, Proposed Settlement of Class Action and Settlement Hearing that is to be sent to Class Members substantially in the form of Exhibit C attached hereto or as modified pursuant to agreement of the Parties or by order of the Court.

(m)     "Parties" means Plaintiffs and Defendants.

(n)     "Person" means any individual, corporation, partnership, limited liability company, association, affiliate, joint stock company, estate, trust, unincorporated association, government entity and any political subdivision thereof, or any other type of business, personal, political, or legal entity.

(o)     "Plaintiffs" means, individually and collectively, Jacky Ettedgui, Gus Voyiatgis, James R. Smith, Aash Mehta, Joseph Iannuzzo, and Chaile Steinberg.

(p)     "Plaintiffs' Counsel" means the law firms of Brodsky & Smith, LLC; Faruqi & Faruqi LLP; Levi & Korsinsky, LLP; Milberg LLP; Morgan & Morgan, P.C.; and Robbins Geller Rudman & Dowd LLP.

(q)     "Released Persons" means Defendants (or any Defendant), Sycamore Partners A, L.P., and Sycamore Partners, as well as each of their respective families, parent entities, controlling persons, associates, affiliates, predecessors, successors, or subsidiaries, and each and all of their respective past or present officers, directors, stockholders, members, principals, managers, representatives, employees, attorneys, insurers, financial or investment advisors, consultants, accountants, investment bankers (including any entity providing a fairness opinion relating to the Merger), agents, general or limited partners or partnerships, limited liability companies, heirs, executors, trustees, personal or legal representatives, estates, administrators, predecessors, successors and assigns, whether or not any such Released Persons were named, served with process, or appeared in the Action.

(r)     "Releasing Persons" means Plaintiffs and all members of the Class.

(s)     "Scheduling Order" means the proposed scheduling order to be entered by the Court, substantially in the form of Exhibit B as attached hereto or as modified pursuant to agreement of the Parties or by order of the Court.

(t)     "Settled Claims" means any and all manner of claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, accrued or unaccrued, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in the Action or in any court, tribunal, or proceeding

(including, but not limited to, any claims arising under federal, state or foreign statutory or common law relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws or state disclosure laws or otherwise), by or on behalf of Plaintiffs or any member of the Class, whether individual, direct, class, derivative, representative, legal, equitable, or of any other type, in their capacity as shareholders during any time between December 19, 2013, and April 8, 2014, against any or all of the Released Persons, whether or not any such Released Persons were named, served with process, or appeared in the Action, which have arisen, could have arisen, arise now or hereafter arise out of, or relate in any manner to the allegations, facts, events, acquisitions, matters, acts, occurrences, statements, representations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related, directly or indirectly, in any way to (i) the matters alleged or that could have been alleged in any pleadings or briefs filed in the Action; (ii) the Merger Agreement and the transactions contemplated thereby, including the Merger; (iii) the Preliminary Proxy, the Definitive Proxy and any amendments, supplements, or modifications to any of the foregoing, and any other public disclosures made in connection with or regarding the Merger; (iv) the fiduciary obligations (including any disclosure obligations) of any of the Defendants or Released Persons in connection with the Merger Agreement, the Merger, the Preliminary Proxy, the Definitive Proxy or any amendments, supplements, or modifications to any of the foregoing, and any other public disclosures made in connection with or regarding the Merger; (v) the negotiations in connection with the Merger Agreement and Merger; (vi) any and all conduct by any of the Defendants or any of the other Released Persons arising out of or relating in any way to the negotiation or execution of the MOU and this Stipulation; (vii) any and all claims under the federal securities laws related to the Preliminary Proxy and Definitive Proxy and any

amendments, supplements, or modifications to any of the foregoing, and any other public disclosures, statements, or filings filed in connection with the Merger, the Merger Agreement, or any of the transactions contemplated thereby, including the Merger; and (viii) the fees, expenses or costs incurred in prosecuting, defending, or settling the Action, other than as provided in the Settlement.

(u) "Settlement" means the settlement of the Action between and among Plaintiffs, on behalf of themselves and the Class, and the Defendants, as set forth in this Stipulation.

(v) "Settlement Hearing" means the final hearing to be held by the Court to determine whether the Settlement should be approved as fair, reasonable and adequate.

(w) "Supplemental Disclosures" shall have the meaning set forth in paragraph 2(a) below.

(x) "Unknown Claims" means any claim that a Releasing Person does not know or suspect exists in his, her or its favor at the time of the release of the Settled Claims as against the Released Persons, including without limitation those which, if known, might have affected the decision to enter into the Settlement, and any claim that a Released Person does not know or suspect exists in his, her or its favor at the time of the release of the Defendants' Released Claims as against the Releasing Persons, including without limitation, those which, if known, might have affected the decision to enter into the Settlement. This shall include a waiver by the Releasing Persons and Released Persons of any rights pursuant to § 1542 of the California Civil Code (or any similar, comparable or equivalent provision) which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF

KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Persons acknowledge that members of the Class and/or other JNY stockholders may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Class, to fully, finally and forever settle and release any and all claims released hereby known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.  Plaintiffs and the other undersigned parties acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Settled Claims was separately bargained for, constitutes separate consideration for, and was a key element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation.

**B.      CERTAIN BENEFITS TO THE CLASS**

2.      In consideration for the full and final settlement and release of all Settled Claims and the dismissal with prejudice and on the merits of the Action on the terms provided for herein, the Defendants agreed to the following actions:

(a)      *Supplemental Disclosures.*  JNY included supplemental disclosures on Schedule 14A and Form 8-K in connection with the Merger, attached hereto as Exhibit A, that were filed with the SEC on or about March 31, 2014 and disseminated to JNY's shareholders (the "Supplemental Disclosures").  Defendants acknowledge that negotiations with Plaintiffs' Counsel in connection with the potential Settlement of this Action were the sole cause of the Supplemental Disclosures.

## C.    RELEASE

3.      Upon the Effective Date of this Settlement, the Releasing Persons shall be deemed to, and by operation of the Judgment shall (i) fully, finally and forever release, relinquish, discharge, and dismiss with prejudice, on the merits and without costs, the Action and each and all of the Settled Claims, and (ii) forever be enjoined and barred from suing any of the Released Persons for any Settled Claims and from commencing, prosecuting or participating in the commencement or prosecution of any Settled Claims in any other action, suit, or proceeding; ***provided, however***, that the Settled Claims shall not include the right of the Plaintiffs and the other Releasing Persons to enforce the terms of the Settlement and that this paragraph shall not apply to any purported direct individual Settled Claims for monetary damages arising out of the Merger for which a Class Member has submitted a valid and timely request for exclusion.  For the avoidance of doubt, it is the Defendants' position that no direct individual claims are permitted under applicable Pennsylvania law.

4.      Upon the Effective Date of this Settlement, the Released Persons shall be deemed to, and by operation of the Judgment shall, fully, finally and forever release, relinquish and discharge each and all of the named Plaintiffs, their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, heirs, assigns of each, each and all of the Releasing Persons, and Plaintiffs' Counsel from all claims of every nature and description, known and unknown, relating to the initiation, prosecution, non-prosecution, and/or resolution of the Action including from the Defendants' Released Claims; ***provided, however***, that the Defendants' Released Claims shall

not include the right of the Defendants and the other Released Persons to enforce the terms of the Settlement.

5.      The Settlement is intended to extinguish all Settled Claims, including Unknown Claims, and, consistent with such intentions, the Releasing Persons and Released Persons shall waive their rights to the extent permitted by state law, federal law, foreign law or principle of common law, which may have the effect of limiting the release set forth above.

### D.      NO ADMISSION OF WRONGDOING

6.      Defendants have denied, and continue to deny, that they committed or aided and abetted in the commission of any violation of law, engaged in any of the alleged wrongful acts, or breached any duties or other obligations whatsoever, and expressly maintain that they diligently and scrupulously complied with their fiduciary and other legal duties.  Defendants are entering into the Stipulation solely because the proposed Settlement would eliminate the burden, expense and risk of further litigation.

7.      Plaintiffs and Plaintiffs' Counsel contend that they brought the Action in good faith and that the claims asserted in the Action have legal merit, but nevertheless acknowledge that Defendants would continue to assert legal and factual defenses to such claims and believe that the terms of the proposed Settlement are fair, reasonable, adequate, and in the best interest of all members of the Class.

8.      The provisions contained in this Stipulation (or the MOU) shall not be deemed a presumption, concession or an admission by any Defendant of any fault, liability or wrongdoing as to any allegations or claims asserted in the Action or any other actions or proceedings, or that any of the Supplemental Disclosures are material, nor shall such provisions be deemed a presumption, concession or admission by any Plaintiff of the lack of merit as to any allegations

or claims asserted in the Action.  The provisions contained in this Stipulation (or the MOU) shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, except in connection with any proceeding to enforce the terms of the Settlement.

### E.   SUBMISSION OF THE SETTLEMENT TO THE COURT FOR APPROVAL

9.     As soon as practicable after this Stipulation has been executed, the Parties shall jointly apply to the Court for entry of a Scheduling Order in the form attached hereto as Exhibit B: (a) approving the manner and form of the Notice to be provided to the Class, substantially in the form attached hereto as Exhibit C ("Notice"); (b) scheduling the Settlement Hearing to consider (i) the proposed Settlement, (ii) the joint request of the parties that the Judgment be entered substantially in the form attached hereto as Exhibit D, (iii) the provisional certification of the Class for settlement purposes only, (iv) Plaintiffs' application for attorneys' Fees and Expenses (as defined below), and (v) any objections to the foregoing; and (c) enjoining the prosecution of any of the Settled Claims pending further order of the Court.

10.     JNY shall be responsible for providing Notice to the members of the Class.  JNY (or its or the JNY Board's insurer(s) or JNY's successor-in-interest) shall pay, on behalf of and for the benefit of all Defendants, any reasonable costs and expenses incurred in providing Notice to members of the Class. Under no circumstance, shall Plaintiffs, Plaintiffs' Counsel or any member of the Class be responsible for the payment of any Notice costs.

### F.   ATTORNEYS' FEES, COSTS AND EXPENSES

11.     Defendants acknowledge that Plaintiffs' Counsel has a claim for attorneys' fees and expenses in the Action.  Rather than continue to litigate this issue, the Parties (after agreeing to the other terms of the Settlement) agreed that subject to the terms and conditions of the MOU

and this Stipulation, and to the prior consummation of the Merger, and subject further to approval of the Settlement and such fees and expenses by the Court, JNY (or its or the JNY Board's insurer(s) or JNY's successor-in-interest) will, on behalf of itself and for the benefit of the other Defendants in the Action, and subject to the Court's approval, pay or cause to be paid to Co-Lead Counsel an amount, as approved by the Court, not to exceed $350,000 for their fees and expenses (the "Fees and Expenses").  The Parties agree that JNY (or its or the JNY Board's insurer(s) or JNY's successor-in-interest) shall not, under any circumstances, be required to pay or cause to be paid Fees and Expenses in an amount higher than $350,000, and that if the Court awards an amount of Fees and Expenses that is less than the agreed-upon amount, Plaintiffs and Plaintiffs' Counsel will accept the reduced amount.  Any decision by the Court not to approve (or to reduce) the agreed-upon amount of Fees and Expenses shall not affect the validity or enforceability of the Settlement.  JNY (or its or the JNY Board's insurer(s) or JNY's successor-in-interest) shall pay or cause to be paid the Fees and Expenses within ten (10) business days of the entry of an order by the Court finally approving the Settlement and the amount of such Fees and Expenses, even though such order may be subject to appeal, and dismissing the Action on the merits with prejudice.  In the event that the Court's order approving the amount of Fees and Expenses is reversed or modified on appeal, Plaintiffs' Counsel shall within twenty (20) business days refund to JNY (or its or the JNY Board's insurer(s) or JNY's successor-in-interest) the Fees and Expenses (or portion thereof) consistent with such reversal or modification.  Any disapproval or modification of the application for attorneys' fees, costs and expenses by the Court or on appeal or otherwise shall not affect or delay the enforceability of this Stipulation, provide any of the Parties with the right to terminate the Settlement, or affect or delay the binding effect or finality of the Judgment and the release of the Settled Claims.  Final resolution

of the application for attorneys' fees, costs and expenses shall not be a condition to the dismissal of the Action.  Except as provided herein, none of the Released Persons (or their insurer(s)) shall bear any other expenses, costs, damages or fees alleged, incurred or alleged to have been incurred by any of the Plaintiffs, any Class Member, or any of their respective attorneys, agents, experts, advisors or representatives.

12.     Co-Lead Counsel shall allocate the attorneys' fees amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.  Plaintiffs' Counsel warrants that no portion of any award of Fees and Expenses shall be paid to any named Plaintiff or any Class Member, except as approved by the Court.   Neither Defendants nor Defendants' Counsel shall have any responsibility or liability in connection with the allocation or distribution of and award of Fees and Expenses among Plaintiffs' Counsel.

### G.     STAY PENDING COURT APPROVAL

13.     Pending Final Court Approval of the Stipulation and Settlement by the Court, Plaintiffs agree, except as otherwise ordered by the Court, to cease the proceedings and to stay and not to initiate any other proceedings other than those incident to the Settlement itself.  The Parties also agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of any Class Member in, any other proceedings against any of the Released Persons which challenges the Settlement or the Merger (including any transactions contemplated thereby and the Merger Agreement and any public disclosures, statements or filings made in connection therewith), or that otherwise involves, directly or indirectly, a Settled Claim.  If any Settled Claims are brought against any Released Persons and not dismissed with

prejudice or stayed in contemplation of the dismissal of the Action, any Released Person may (but is not obligated to) render this Stipulation null and void.

### H.    CONDITIONS OF SETTLEMENT

14.    The consummation of the Settlement is subject to: (a) certification of the Class for settlement purposes only; (b) Final Court Approval of the Settlement; (c) approval by the Court of a complete release of all Released Persons by the Releasing Persons; and (d) the inclusion in the Scheduling Order and in the Judgment of a provision enjoining all Class Members from asserting any of the Settled Claims in any forum.  In the event any of these conditions are not met or otherwise waived, this Stipulation (and the MOU) shall be null and void and of no force and effect and this Stipulation (and the MOU) shall not be deemed to prejudice in any way the respective positions of the parties with respect to the Action.  In such event, Plaintiffs reserve all rights with respect to any potential Fees and Expenses application related to any mooted disclosure claims, and Defendants reserve all applicable rights and defenses with respect thereto.

### I.    EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

15.    If either (a) the Court does not enter the Judgment in substantially the form of Exhibit D, (b) the Court enters the Judgment but on or following appellate review the Judgment is modified or reversed in any material respect, or (c) any of the other conditions of Paragraph 14 are not satisfied, this Stipulation shall be cancelled and terminated unless counsel for each of the parties to this Stipulation, within ten (10) business days from receipt of such ruling or event, agrees in writing with counsel for the other parties hereto to proceed with this Stipulation and Settlement, including only with such modifications, if any, as to which all other parties in their sole judgment and discretion may agree.  For purposes of this paragraph, an intent to proceed shall not be valid unless it is expressed in a signed writing.  Neither a modification nor a reversal

on appeal of any amount of Fees and Expenses awarded by the Court to Plaintiffs' Counsel shall be deemed a material modification of the Judgment or this Stipulation, and shall not provide grounds for terminating the Settlement.

16.     If the Effective Date does not occur, or if this Stipulation is disapproved, canceled or terminated pursuant to its terms, all of the parties to this Stipulation shall be deemed to have reverted to their respective litigation status immediately prior to the execution of the MOU, and they shall proceed in all respects as if the MOU and this Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice in any way.

17.     If, for any reason, Final Court Approval of the Settlement does not occur, the provisional certification of the Class may be withdrawn and Defendants reserve the right to oppose any motion for class certification in any future proceedings.

**J.     MISCELLANEOUS PROVISIONS**

18.     The Parties represent and agree that the terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

19.     Plaintiffs and their counsel represent and warrant that Plaintiffs were shareholders of JNY at all relevant times, and that none of Plaintiffs' claims or causes of action referred to in the Consolidated Complaint in the Action, the MOU or this Stipulation have been assigned, encumbered or in any manner transferred in whole or in part.

20.     The Parties and their respective counsel of record agree that they will use their reasonable best efforts to obtain all necessary approvals of the Court required by this Stipulation,

including, but not limited to, using their reasonable best efforts to resolve any objections raised to the Settlement.

21.     To the extent permitted by law, all agreements made and orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.  Nothing in this Stipulation or the negotiations or proceedings related hereto is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product immunity.

22.     All of the Exhibits referred to herein shall be incorporated by reference as though fully set forth herein.

23.     This Stipulation (including the Exhibits hereto) constitutes the entire agreement among the Parties and supersedes any prior agreements among the Parties with respect to the subject matter hereof.  No representations, warranties or inducements have been made to or relied upon by any Party concerning this Stipulation or its Exhibits, other than the representations, warranties and covenants expressly set forth in such documents.   This Stipulation replaces the MOU, which shall be of no further force or effect upon execution of this Stipulation.

24.     This Stipulation shall be binding upon and shall inure to the benefit of the Parties and the Class (and, in the case of the releases, all Released Persons) and the respective legal representatives, heirs, executors, administrators, transferees, successors and assigns of all such foregoing Persons and upon any corporation, partnership, or other entity into or with which any party may merge, consolidate or reorganize.

25.     This Stipulation may be executed in counterparts by facsimile, electronic, or original signature by any of the signatories hereto and as so executed shall constitute one agreement.

26.     Each counsel signing this Stipulation represents and warrants that such counsel has been authorized by his or her clients to enter into this Stipulation on behalf of his or her clients.

27.     This Stipulation may be amended, modified or waived only by a written instrument signed by counsel for all parties hereto or their successors without further notice to the Class, unless the Court orders such notice.

28.     The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of any provision of this Stipulation by any other Party.

29.     The MOU, the Stipulation, the Settlement, and any and all disputes arising out of or relating in any way to any of them, whether in contract, tort or otherwise, shall be governed by, and construed in accordance with, the laws of the state of New York, without regard to conflict of laws principles.  The Parties expressly acknowledge and agree that the foregoing shall not in any way affect the substantive law applicable to any purported direct individual Settled Claims for monetary damages arising out of the Merger for which a Class Member has submitted a valid and timely request for exclusion.  Each of the Parties (a) irrevocably submits to the personal jurisdiction of any state or federal court sitting in New York, as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, in any suit, action or proceeding arising out of or relating to the MOU, the Settlement and/or the Stipulation, (b) agrees that all claims in respect of such suit, action or proceeding shall be brought, heard and

determined exclusively in the Court (provided that, in the event that subject matter jurisdiction is

unavailable in the Court, then all such claims shall be brought, heard and determined exclusively

in any other state or federal court sitting in New York), and (c) expressly waives, and agrees not

to plead or to make any claim that any such action or proceeding is subject (in whole or in part)

to a jury trial.  Each of the Parties further agrees to waive any bond, surety or other security that

might be required of any other party with respect to any action or proceeding, including an

appeal thereof.


August 6, 2014

**[Signature Pages Follow]**

*In re The Jones Group Inc. Shareholders Litigation*                     *Index No. 650096/2014*
*Page 26 of 27*

By: _____                    By: _____

Sandra C. Goldstein                           Kent A. Bronson
Antony L. Ryan                                MILBERG LLP
CRAVATH, SWAINE & MOORE LLP                   One Pennsylvania Plaza
825 Eighth Avenue                             New York, NY 10119
New York, New York 10019                      (212) 594-5300
(212) 474-1000
                                              *Co-Lead Counsel for Plaintiffs and Counsel*
*Attorneys for Defendants The Jones Group*     *for Plaintiff Smith*
*Inc., Gerald C. Crotty, Lowell W. Robinson,*
*Sidney Kimmel, Wesley R. Card, Robert L.*    _____
*Mettler, James A. Mitarotonda, Matthew H.*
*Kamens, John D. Demsey, Margaret H.*         Mark S. Reich
*Georgiadis, Jeffrey D. Nuechterlein, and Ann* ROBBINS GELLER RUDMAN & DOWD
*Marie C. Wilkins*                            LLP
                                              58 South Service Road, Suite 200
                                              Melville, NY 11747
                                              (631) 367-7100
_____

Robert S. Saunders                            *Co-Lead Counsel for Plaintiffs and Counsel*
SKADDEN, ARPS, SLATE, MEAGHER &               *for Plaintiff Iannuzzo*
FLOM LLP
One Rodney Square                             _____
P.O. Box 636
Wilmington, Delaware 19899                    Evan J. Smith
(302) 651-3000                                BRODSKY & SMITH, LLC
                                              240 Mineola Boulevard
*Attorneys for Defendants Gerald C. Crotty,*   Mineola, NY 11501
*Lowell W. Robinson, Sidney Kimmel, Robert L.* (516) 741-4977
*Mettler, James A. Mitarotonda, Matthew H.*
*Kamens, John D. Demsey, Margaret H.*         *Counsel for Plaintiff Voyiatgis*
*Georgiadis, Jeffrey D. Nuechterlein, and Ann*
*Marie C. Wilkins*

                                              _____

_____                        Juan E. Monteverde
                                              FARUQI & FARUQI LLP
James P. Smith III                            369 Lexington Avenue, 10th Floor
Matthew L. DiRisio                            New York, NY 10017
WINSTON & STRAWN LLP                          (212) 983-9330
200 Park Avenue
New York, New York 10166                      *Counsel for Plaintiff Ettedgui*
(212) 294-6700

*Attorneys for Defendants Sycamore Partners,*
*L.P., Jasper Parent, LLC and Jasper Merger*
*Sub, Inc.*

*In re The Jones Group Inc. Shareholders Litigation*

By:
_____

Sandra C. Goldstein
Antony L. Ryan
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Attorneys for Defendants The Jones Group Inc., Gerald C. Crotty, Lowell W. Robinson, Sidney Kimmel, Wesley R. Card, Robert L. Mettler, James A. Mitarotonda, Matthew H. Kamens, John D. Demsey, Margaret H. Georgiadis, Jeffrey D. Nuechterlein, and Ann Marie C. Wilkins*

_____
Robert S. Saunders      By RNB
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ·
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

*Attorneys for Defendants Gerald C. Crotty, Lowell W. Robinson, Sidney Kimmel, Robert L. Mettler, James A. Mitarotonda, Matthew H. Kamens, John D. Demsey, Margaret H. Georgiadis, Jeffrey D. Nuechterlein, and Ann Marie C. Wilkins*

_____
James P. Smith III
Matthew L. DiRisio
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

*Attorneys for Defendants Sycamore Partners, L.P., Jasper Parent, LLC and Jasper Merger Sub, Inc.*

By:
_____

Kent A. Bronson
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

*Co-Lead Counsel for Plaintiffs and Counsel for Plaintiff Smith*

_____

Mark S. Reich
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*Co-Lead Counsel for Plaintiffs and Counsel for Plaintiff Iannuzzo*

_____

Evan J. Smith
BRODSKY & SMITH, LLC
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-4977

*Counsel for Plaintiff Voyiatgis*

_____

Juan E. Monteverde
FARUQI & FARUQI LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
(212) 983-9330

*Counsel for Plaintiff Ettedgui*

By:

_____

Sandra C. Goldstein
Antony L. Ryan
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Attorneys for Defendants The Jones Group Inc., Gerald C. Crotty, Lowell W. Robinson, Sidney Kimmel, Wesley R. Card, Robert L. Mettler, James A. Mitarotonda, Matthew H. Kamens, John D. Demsey, Margaret H. Georgiadis, Jeffrey D. Nuechterlein, and Ann Marie C. Wilkins*

_____

Robert S. Saunders
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

*Attorneys for Defendants Gerald C. Crotty, Lowell W. Robinson, Sidney Kimmel, Robert L. Mettler, James A. Mitarotonda, Matthew H. Kamens, John D. Demsey, Margaret H. Georgiadis, Jeffrey D. Nuechterlein, and Ann Marie C. Wilkins*

_____

James P. Smith III
Matthew L. DiRisio
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

*Attorneys for Defendants Sycamore Partners, L.P., Jasper Parent, LLC and Jasper Merger Sub, Inc.*

By:

_____

Kent A. Bronson
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

*Co-Lead Counsel for Plaintiffs and Counsel for Plaintiff Smith*

_____

Mark S. Reich
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*Co-Lead Counsel for Plaintiffs and Counsel for Plaintiff Iannuzzo*

_____

Evan J. Smith
BRODSKY & SMITH, LLC
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-4977

*Counsel for Plaintiff Voyiatgis*

_____

Juan E. Monteverde
FARUQI & FARUQI LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
(212) 983-9330

*Counsel for Plaintiff Ettedgui*

*In re The Jones Group Inc. Shareholders Litigation*

By: _____

Sandra C. Goldstein
Antony L. Ryan
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Attorneys for Defendants The Jones Group
Inc., Gerald C. Crotty, Lowell W. Robinson,
Sidney Kimmel, Wesley R. Card, Robert L.
Mettler, James A. Mitarotonda, Matthew H.
Kamens, John D. Demsey, Margaret H.
Georgiadis, Jeffrey D. Nuechterlein, and Ann
Marie C. Wilkins*

_____

Robert S. Saunders
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

*Attorneys for Defendants Gerald C. Crotty,
Lowell W. Robinson, Sidney Kimmel, Robert L.
Mettler, James A. Mitarotonda, Matthew H.
Kamens, John D. Demsey, Margaret H.
Georgiadis, Jeffrey D. Nuechterlein, and Ann
Marie C. Wilkins*

_____

James P. Smith III
Matthew L. DiRisio
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

*Attorneys for Defendants Sycamore Partners,
L.P., Jasper Parent, LLC and Jasper Merger
Sub, Inc.*

By: _____

Kent A. Bronson
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

*Co-Lead Counsel for Plaintiffs and Counsel
for Plaintiff Smith*

_____

Mark S. Reich
ROBBINS GELLER RUDMAN & DOWD
LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*Co-Lead Counsel for Plaintiffs and Counsel
for Plaintiff Iannuzzo*

_____

Evan J. Smith
BRODSKY & SMITH, LLC
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-4977

*Counsel for Plaintiff Voyiatgis*

_____

Juan E. Monteverde
FARUQI & FARUQI LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
(212) 983-9330

*Counsel for Plaintiff Ettedgui*

*In re The Jones Group Inc. Shareholders Litigation*                    *Index No. 650096/2014*
                                                                        *Page 26 of 27*

By: _____

Sandra C. Goldstein
Antony L. Ryan
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Attorneys for Defendants The Jones Group
Inc., Gerald C. Crotty, Lowell W. Robinson,
Sidney Kimmel, Wesley R. Card, Robert L.
Mettler, James A. Mitarotonda, Matthew H.
Kamens, John D. Demsey, Margaret H.
Georgiadis, Jeffrey D. Nuechterlein, and Ann
Marie C. Wilkins*

_____

Robert S. Saunders
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

*Attorneys for Defendants Gerald C. Crotty,
Lowell W. Robinson, Sidney Kimmel, Robert L.
Mettler, James A. Mitarotonda, Matthew H.
Kamens, John D. Demsey, Margaret H.
Georgiadis, Jeffrey D. Nuechterlein, and Ann
Marie C. Wilkins*

_____

James P. Smith III
Matthew L. DiRisio
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

*Attorneys for Defendants Sycamore Partners,
L.P., Jasper Parent, LLC and Jasper Merger
Sub, Inc.*

By: _____

Kent A. Bronson
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

*Co-Lead Counsel for Plaintiffs and Counsel
for Plaintiff Smith*

_____

Mark S. Reich
ROBBINS GELLER RUDMAN & DOWD
LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*Co-Lead Counsel for Plaintiffs and Counsel
for Plaintiff Iannuzzo*

_____

Evan J. Smith
BRODSKY & SMITH, LLC
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-4977

*Counsel for Plaintiff Voyiatgis*

_____

Juan E. Monteverde
FARUQI & FARUQI LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
(212) 983-9330

*Counsel for Plaintiff Ettedgui*

*In re The Jones Group Inc. Shareholders Litigation*

*Index No. 650096/2014*
*Page 26 of 27*

By:
_____

Sandra C. Goldstein
Antony L. Ryan
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Attorneys for Defendants The Jones Group Inc., Gerald C. Crotty, Lowell W. Robinson, Sidney Kimmel, Wesley R. Card, Robert L. Mettler, James A. Mitarotonda, Matthew H. Kamens, John D. Demsey, Margaret H. Georgiadis, Jeffrey D. Nuechterlein, and Ann Marie C. Wilkins*

_____

Robert S. Saunders
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

*Attorneys for Defendants Gerald C. Crotty, Lowell W. Robinson, Sidney Kimmel, Robert L. Mettler, James A. Mitarotonda, Matthew H. Kamens, John D. Demsey, Margaret H. Georgiadis, Jeffrey D. Nuechterlein, and Ann Marie C. Wilkins*

_____

James P. Smith III
Matthew L. DiRisio
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

*Attorneys for Defendants Sycamore Partners, L.P., Jasper Parent, LLC and Jasper Merger Sub, Inc.*

By:
_____

Kent A. Bronson
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

*Co-Lead Counsel for Plaintiffs and Counsel for Plaintiff Smith*

_____

Mark S. Reich
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*Co-Lead Counsel for Plaintiffs and Counsel for Plaintiff Iannuzzo*

_____

Evan J. Smith
BRODSKY & SMITH, LLC
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-4977

*Counsel for Plaintiff Voyiatgis*

_____

Juan E. Monteverde
FARUQI & FARUQI LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
(212) 983-9330

*Counsel for Plaintiff Ettedgui*

*In re The Jones Group Inc. Shareholders Litigation*

*Index No. 650096/2014*
*Page 26 of 27*

By:

_____

Sandra C. Goldstein
Antony L. Ryan
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Attorneys for Defendants The Jones Group*
*Inc., Gerald C. Crotty, Lowell W. Robinson,*
*Sidney Kimmel, Wesley R. Card, Robert L.*
*Mettler, James A. Mitarotonda, Matthew H.*
*Kamens, John D. Demsey, Margaret H.*
*Georgiadis, Jeffrey D. Nuechterlein, and Ann*
*Marie C. Wilkins*

_____

Robert S. Saunders
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

*Attorneys for Defendants Gerald C. Crotty,*
*Lowell W. Robinson, Sidney Kimmel, Robert L.*
*Mettler, James A. Mitarotonda, Matthew H.*
*Kamens, John D. Demsey, Margaret H.*
*Georgiadis, Jeffrey D. Nuechterlein, and Ann*
*Marie C. Wilkins*

_____

James P. Smith III
Matthew L. DiRisio
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

*Attorneys for Defendants Sycamore Partners,*
*L.P., Jasper Parent, LLC and Jasper Merger*
*Sub, Inc.*

By:

_____

Kent A. Bronson
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

*Co-Lead Counsel for Plaintiffs and Counsel*
*for Plaintiff Smith*

_____

Mark S. Reich
ROBBINS GELLER RUDMAN & DOWD
LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*Co-Lead Counsel for Plaintiffs and Counsel*
*for Plaintiff Iannuzzo*

_____

Evan J. Smith
BRODSKY & SMITH, LLC
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-4977

*Counsel for Plaintiff Voyiatgis*

_____

Nadeem Faruqi
FARUQI & FARUQI LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
(212) 983-9330

*Counsel for Plaintiff Ettedgui*

*In re The Jones Group Inc. Shareholders Litigation*

*Index No. 650096/2014*
*Page 27 of 27*

Shane T. Rowley
LEVI & KORSINSKY, LLP
30 Broad Street, 24th Floor
New York, NY 10004
(212) 363-7500

*Counsel for Plaintiff Aash Mehta*


Peter Safirstein
MORGAN & MORGAN, P.C.
28 W. 44th St., Suite 2001
New York, NY 10036
(212) 564-1637

*Counsel for Plaintiff Steinberg*

*In re The Jones Group Inc. Shareholders Litigation*

Shane T. Rowley
LEVI & KORSINSKY, LLP
30 Broad Street, 24th Floor
New York, NY 10004
(212) 363-7500

*Counsel for Plaintiff Aash Mehta*

Peter Safirstein
MORGAN & MORGAN, P.C.
28 W. 44th St., Suite 2001
New York, NY 10036
(212) 564-1637

*Counsel for Plaintiff Steinberg*